407 A.2d 1335

COMMONWEALTH of Pennsylvania

v.

**Glenn Charles REED, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Decided July 27, 1979.

Petition for Allowance of Appeal Denied Oct. 22, 1979.

Joseph W. Mullin, Public Defender, Huntingdon, for appellant.

Stewart L. Kurtz, District Attorney, Huntingdon, for Commonwealth, appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Glenn Charles Reed was tried before a jury and convicted of rape[1] and recklessly endangering another person.[2] Motions for new trial and in arrest of judgment were denied, and sentence was imposed. The several issues raised on appeal lack merit, and the judgment of sentence, therefore, will be affirmed.

On December 5, 1976, appellant was one of several patrons in the Golden Nugget Tavern where Donna Marie Welch was employed as a bartender. At closing time, approximately two o'clock, A.M., all other patrons had departed, leaving appellant alone in the tavern with Ms. Welch. While Ms. Welch was in the process of closing the bar, appellant grabbed her, kissed her, and declared that he was going to make love to her. When she resisted, he pulled a knife from his pocket, pushed her against the wall and repeated his lascivious intentions. Taking her by the arm, appellant forced her into the women's bathroom where, still brandishing the knife, he commanded her to undress and lie on the floor. After she had complied, appellant placed the knife in his pocket, undressed and had intercourse with her. Following sexual intercourse, Ms. Welch put on her pants and a bra, and, as appellant was pulling a shirt over his

1. 18 Pa.C.S. § 3121.

2. 18 Pa.C.S. § 2705.

head, ran out of the tavern and reported the incident to the police.

Appellant's argument that he cannot be guilty of rape because the knife had been returned to the pocket of his trousers prior to intercourse is frivolous. Similarly, the attack which he now makes on the victim's credibility was properly for the jury, and not for this Court. Suffice it to say that the record discloses sufficient evidence to support the jury's findings.

■■■ Appellant argues next that the trial court erred in refusing the jury's request to allow the court reporter to read aloud a portion of the victim's testimony after jury deliberations had begun. The granting or refusing of such a request is within the discretion of the trial court. *Commonwealth v. Peterman*, 430 Pa. 627, 244 A.2d 723 (1968); *Commonwealth v. Ross*, 190 Pa.Super. 145, 152 A.2d 778 (1959); *Commonwealth v. Fontaine*, 183 Pa.Super. 45, 128 A.2d 131 (1956). The testimony in the instant case had been presented in its entirety in less than two hours; the issues were not complicated; and the trial judge had reviewed the testimony thoroughly during his charge to the jury. He decided, therefore, that a re-reading of the victim's testimony was unnecessary and potentially prejudicial to appellant because it might seemingly place undue emphasis on the victim's testimony. We perceive no abuse of discretion in the trial court's decision. See: *Commonwealth v. Peterman*, supra.

■ Appellant also complains that the victim was seen eavesdropping on the deliberations of the jury. This allegation, if true, would subject the victim to possible criminal sanctions. See: 18 Pa.C.S. § 5103. Appellant, however, has not alleged that the victim communicated with or attempted to influence the jury's decision in any way; neither has he alleged that he was prejudiced by the victim's alleged attempt to hear the jury's deliberations. The mere fact that the victim attempted to overhear the jury's deliberations, if such was the case, could have no effect upon the jury's

verdict. In the absence of communication with the jurors or other breach of the inviolability of their deliberations, therefore, there was no basis for awarding a new trial.

During trial, the arresting officer testified that he had taken a picture of the appellant and included it in an array of fourteen photographs, some of which had been obtained from the Pennsylvania State Police files. This display was shown to the victim who identified appellant as her assailant. The photographs were admitted into evidence over defense counsel's obligation. Appellant, characterizing the display as a "Rogue's gallery," argues that the officer's reference to the fact that some photographs were taken from the state police files compels the conclusion that appellant's photograph was taken from local police files. This, he contends, suggested prior criminal activity. Appellant's argument is specious. The testimony was that the arresting officer had himself taken the photograph of appellant. The explanation that other photographs had been obtained from police files did not permit a legitimate inference that appellant had had a prior criminal record.

Finally, appellant argues that the trial court improperly limited his right to pre-trial discovery. This argument also lacks merit. The applicable rule was contained in Pa.R.Crim.P. 310. As then written, the rule permitted a defendant to discover only written statements and confessions in the absence of "exceptional circumstances and compelling reasons" for additional disclosure. See: *Commonwealth v. Scott*, 469 Pa. 258, 365 A.2d 140 (1976); *Commonwealth v. Brown*, 462 Pa. 578, 342 A.2d 84 (1975). The trial court granted discovery as required by this Rule. Appellant failed to demonstrate any exceptional circumstances requiring discovery broader than that allowed by the Rule.

We conclude, therefore, that appellant's post trial motions were properly denied and that the judgment of sentence must be affirmed.

Judgment of sentence affirmed.