416 A.2d 1100

**COMMONWEALTH of Pennsylvania**

v.

**Howard JETER, Appellant.**

Superior Court of Pennsylvania.

Argued July 30, 1979.

Filed Dec. 21, 1979.

Joseph N. Bongiovanni, Jr., Philadelphia, for appellant.

Lynn Bennett, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal Section, by the defendant-appellant, Howard Jeter, after conviction by a jury of murder in the third degree, and possession of an instrument of crime. Post-trial motions were denied. He was sentenced to three and one-half to ten (3½ to 10) years imprisonment on the murder charge, sentence was suspended on the weapons bill.

The facts are as follows: On the evening of February 2, 1977, the defendant and several friends were in a bar. The decedent, Richard Howell, and his group of friends entered the bar acting boisterously and using profanity. The defendant and Howell became involved in a verbal argument concerning the use of profanity. Several witnesses stated that the argument did not reach the stage of physical violence and that the argument died down after a few minutes and the Howell group moved to another section of the bar.

The defendant and his friends left the bar, but in ten or fifteen minutes the defendant returned to the bar but no

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

words were exchanged between the defendant and Howell at that time.

Howell and his friends left the bar and the defendant left right behind Howell. Within minutes, several shots were heard. A witness testified that when he came outside he saw Howell lying on the sidewalk and heard Howell state that he had been shot and his assailant went around the corner. The witness testified that he went to the corner and saw the defendant running down the street, carrying a gun.

Police officers responded to the gun fire. One of the officers met the witness Butler who told him the shooter was running down the street. The officer observed a male running down the street and gave chase. He saw the male enter a house and he entered in pursuit. He found William Jeter, the defendant, in a second floor apartment. Subsequently, as a result of a search warrant, a .38 caliber pistol along with four spent .38 cartridges and one live bullet were found in the defendant's bedroom.

There was ballistics evidence that the spent cartridges matched up with the gun recovered from the defendant's bedroom and the .38 caliber special was registered to the defendant.

One witness, Fisher, a neighbor of the defendant, stated that the defendant came to his door and awoke him and said "I just killed somebody". Later, the neighbor and his mother went with the defendant to his home where they waited until the police arrived. Prior to the arrival of the police, the defendant again said to the witness: "I just shot someone on Ridge Avenue".

█ The defendant contends that the court erred in refusing to allow him to introduce into evidence the fact that the victim had been convicted of murder in order to establish a claim of self defense. We deem this complaint to be without merit. There is not a shred of evidence offered as to self defense, so that the victim's conviction would not supply evidence of self defense. Self defense was not an issue in the case. *Commonwealth v. Powers*, 484 Pa. 198,

398 A.2d 1013 (1979); *Commonwealth v. Darby*, 473 Pa. 109, 373 A.2d 1073 (1977).

 The defendant further contends that the District Attorney's withholding of an exculpatory statement of a witness, despite a court order, was a violation of due process requiring a reversal. The statement in question was in fact not exculpatory and it was later read into the record, minus some damaging statements at defendant's request. The complaint is without merit.

The defendant further contends that it was reversible error for the trial judge to refuse a continuance so that he could subpoena a witness whose exculpatory statement, the District Attorney withheld from the defendant until the end of the trial.

 The evidence in question was a statement given to the police on the night of the crime by Brenda Jones. The only portion of the statement that the defendant contends is exculpatory is where Jones said the defendant left the bar before the decedent did. Exculpatory evidence is "evidence which extrinsically tends to establish defendant's innocence of the crimes charged as differentiated from that which although favorable, is merely collateral or impeaching." *Commonwealth v. Gee*, 467 Pa. 123, 131, 354 A.2d 875, 878 (1976). The statement in no way sheds light on what happened outside the bar. Also, the claim is waived since defendant did not raise it in his post-trial motions. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

 The defendant finally contends that it was error for the trial judge to refuse to have reread to the jury a statement of a witness whose live testimony was not available at trial. The statement in question was short and uncomplicated and had been read to the jury just a short time before the request for rereading. After a jury retires the rereading of certain portions of the testimony lies within the discretion of the court. *Commonwealth v. Peterman*, 430 Pa. 627, 244 A.2d 723 (1968), and care must be taken that no reversible error is committed by emphasizing one wit-

ness's testimony over another's. *Commonwealth v. Brown,* 264 Pa. 85, 107 A. 676 (1919). The court below did not abuse its discretion.

Judgment of sentence affirmed.

This decision was reached prior to the death of MANDERINO, J.