444 A.2d 110

**COMMONWEALTH of Pennsylvania**

v.

**Samuel Bernard COLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 11, 1981.

Filed April 2, 1982.

Norris E. Gelman, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

MONTEMURO, Judge:

This is an appeal from the denial of Post-Conviction Hearing Act[1] (P.C.H.A.) relief on appellant's second P.C. H.A. petition. Appellant was given a hearing on his first P.C.H.A. petition and his requested relief was denied on February 23, 1978. The Order was subsequently affirmed on appeal by this court in *Commonwealth v. Coley*, 273 Pa.Super. 624, 422 A.2d 1163 (1979). Appellant's second P.C.H.A. petition posited one issue which had not been raised in his first petition, alleging that the failure to raise this issue was due to ineffectiveness of the attorney who handled the first P.C.H.A. petition. For the reasons set out

1. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq.

below, we find no reversible error and therefore affirm the order of the lower court.

Appellant's travels through the courts on this case began when he was arrested and charged with aggravated robbery and assault. The charge and ultimate conviction by a jury on these two counts arose from an incident occurring shortly after 4:00 a. m. on the morning of September 4, 1971. Theodore Jackson, the complainant, testified that he was standing on a porch ringing his friend's doorbell at 2411 Thirty-third Street, Philadelphia, when defendant approached him and announced that "This is a stick-up. I need a fix." Appellant then ordered Jackson to turn over his money, and the victim promptly complied by putting 18 or 20 dollars down on the porch. Appellant, dissatisfied with this amount, demanded more money. When additional funds were not forthcoming, appellant struck the victim in the head, knocked him down, and kicked him under the chin. During the ensuing struggle, which lasted approximately 15 minutes appellant pelted the victim with bottles and garbage.

The complainant then stopped a police car, told the officer he had been robbed, and pointed to appellant. Appellant fled on foot while the officer and Jackson, who were in separate cars, gave chase. Appellant refused to stop when the police officer ordered him to do so, and the officer saw appellant run down a nearby street. Appellant was apprehended in a third floor apartment on that street by the officer and positively identified by Jackson at the time.

Following conviction of these charges and denial of posttrial motions, appellant was sentenced to a twenty (20) year probationary term for robbery (Bill No. 164). Sentence was suspended on the assault charge (Bill No. 163). Appellant took no direct appeal.

On March 11, 1976, appellant, while still on probation, was convicted on unrelated charges of second degree murder, robbery, and criminal conspiracy. As a result of this violation of his probation, Judge McDermott revoked appellant's probation, and on March 30, 1976, imposed a sentence of ten (10) to twenty (20) years for this offense.

On September 28, 1977, appellant's initial P.C.H.A. petition, alleging, *inter alia*, ineffectiveness of counsel, was denied. That decision was affirmed by this court. A second P.C.H.A. petition was filed in June, 1979 alleging ineffectiveness of all prior counsel for failure to raise and litigate the issue set out in detail here. The hearing judge ruled that the issue could be raised, but that since it involved a pure question of law, an evidentiary hearing was unnecessary. Appellant agreed. The court denied relief on this issue, a finding with which we agree.

Appellant contends that counsel at his first P.C.H.A. hearing was ineffective for failure to raise trial counsel's failure to correctly advise the trial court judge on Pennsylvania law regarding the request of the deliberating jury to have a portion of the notes of testimony read to them. In this case, the jury interrupted its deliberations to request that the portion of the victim's testimony, which concerned the location of the street light near the robbery scene, be repeated to them from the stenographer's notes. Before deciding whether or not to grant the request, the judge conferred with counsel in chambers, during which time the following exchange occurred:

> The Court: Gentlemen, as I understand it, it is not an appropriate thing for the court to have excerpts of the notes of testimony read to the jury. Is that your understanding?
>
> Counsel for Defense: That's my understanding.
>
> Counsel for Prosecution: It's my understanding also.
>
> The Court: And I think it an appropriate rule. The arc light, whatever, is always lost in other considerations we may not be able to fathom ourselves. Therefore, I will deny the juror's (sic) request for the reading of the notes of testimony.

Appellant contends that there is no *per se* rule in Pennsylvania which prevents the trial court from honoring the request of a deliberating jury. In fact, as enunciated in *Commonwealth v. Peterman*, 430 Pa. 627, 244 A.2d 723 (1968), (overruled in part on other grounds as discussed in

*Commonwealth v. Moore,* 246 Pa.Super. 163, 369 A.2d 862 (1977) referring to *Commonwealth v. Bighum* 452 Pa. 554, 307 A.2d 255 (1973)) [2], the reading of the notes of testimony to the jury is a matter of sound discretion with the trial court. As quoted above, trial counsel concurred in the trial court's erroneous assumption that there exists a rule prohibiting the jury from re-hearing testimony from the stenographer's notes. As a result of trial counsel's concurrence with the court's assumption, the *Peterman* decision was never addressed. It is on this error that appellant would have his trial counsel deemed ineffective.

As appellant notes in his brief, the threshold decision is the relative merit of the abandoned claim. If we were to conclude that the omitted contention has arguable merit, our analysis then shifts to prior counsel's basis for decision. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). In this case, we find no merit in the abandoned claim in the first instance.

We have no quarrel with the law as stated in *Commonwealth v. Peterman,* supra. The court in *Peterman* was concerned about the appropriate means and circumstances for allowing testimony to be read in court in response to a request from the jury. The standards set out by the court are clear. If a trial court refuses a jury request for further instructions on the law, refusal of such request is reversible error. Where a jury, in order to refresh their recollection, requests a reading of a portion of the testimony actually given at trial, it is within the discretion of the trial court whether to grant such request. If the court, at the request of the jury, send out such notes of testimony with the jury, such would constitute reversible error. If the court allows testimony to be read to the jurors, care must be taken that

2. *Commonwealth v. Peterman,* supra was decided also on the ground that a defendant's prior criminal record may be introduced for the limited purpose of impeaching his credibility if he takes the stand. *Commonwealth v. Bighum,* supra, although not specifically overruling *Commonwealth v. Peterman,* modified the law as to this issue as noted in *Commonwealth v. Moore,* supra.

This proposition from *Peterman* is inapplicable to this discussion.

undue emphasis not be placed upon those portions of testimony. *Peterman* also sets down the proper procedure for the trial court to follow in these circumstances. The thrust of *Peterman* and its progeny is that there are times when it is not reversible error to read notes of testimony to a deliberating jury. *Commonwealth v. Hart,* 479 Pa. 84, 387 A.2d 845 (1978); *Commonwealth v. El,* 273 Pa.Super. 1, 416 A.2d 1058 (1979); *Commonwealth v. Bolden,* 268 Pa.Super. 431, 408 A.2d 864 (1979); *Commonwealth v. Banks,* 267 Pa.Super. 10, 405 A.2d 1277 (1979); *U. S. v. Troback,* 404 F.Supp. 1206 (ED Pa. 1975), affirmed, 544 F.2d 513 (1976). The court in *Peterman* did not address itself to a court's refusal to read notes of testimony to a deliberating jury. The crux of the opinion was a determination of the special precautions which must be taken when a court decides to grant such a request from the jury to insure to as great a degree as possible no prejudice to either side.

There are two cases decided subsequent to *Peterman* in which refusal to grant such a jury request was the complaint of appellant. *Commonwealth v. Jeter,* 273 Pa.Super. 83, 416 A.2d 1100 (1979); *Commonwealth v. Reed,* 268 Pa.Super. 240, 407 A.2d 1335 (1979). In both cases, the claim was summarily dismissed.

We turn now to the case at bar. It would clearly not be reversible error for the trial court to have refused to accede to the jury request to re-hear the notes of testimony. It is also well settled that this court may affirm the decision of the lower court if it was correct for another reason than that enunciated by the court itself. *Commonwealth v. Shoatz,* 469 Pa. 545, 366 A.2d 1216 (1976); *Commonwealth v. Baker,* 466 Pa. 382, 353 A.2d 406 (1976). Thus, even if the trial judge initially misstated the reason for his ruling, his subsequent comment in which he found this to be an appropriate application in this case leads this court to find that his denial of the jury's request did not constitute an abuse of discretion.

Appellant argues stridently that the lighting conditions at the time of the robbery were the *sine qua non* of the

identification of the defendant by the victim. However, according to the victim's uncontradicted testimony, he was able to see and identify appellant with whom he struggled for fifteen minutes because there was a street lamp located about five feet away. The victim describes the light as "one of those bright blue lights" and he asserted that the light made it bright enough to be 'real light.' " Hence, this testimony, if read by the stenographer in accordance with the jury's request, would only have confirmed and reinforced the complainant's unequivocal identification of the defendant.

Because this evidence, had it been read to the jury as requested, could only have been adverse to the appellant, and because trial counsel did not prejudice appellant's case by failing to inform the trial court of its discretion in this matter under the *Peterman* decision, we therefore cannot find counsel for appellant's first P.C.H.A. petition ineffective for failing to raise this issue. Therefore, the lower court's denial of post-conviction hearing relief is hereby affirmed.

Order affirmed.