*123
 
 CERCONE, Judge:
 

 This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Lawrence County on August 21, 1990. For the following reasons, we affirm.
 

 Appellant, John Taylor, was charged with one count of possession of a controlled substance
 
 [1]
 
 and one count of possession of a controlled substance with intent to deliver.
 
 [2]
 
 The charges against appellant stem from a drug transaction involving himself and confidential informant, Edward Mazur. Mazur twice purchased controlled substances from appellant. A jury convicted appellant on the two counts. Appellant filed post-trial motions which were denied, and this timely appeal followed. The issues raised on appeal are as follows:
 

 1. whether the trial court erred by improperly limiting the cross-examination of Edward Mazur, an informant and key Commonwealth witness;
 

 2. whether the trial court erred by prohibiting the jury to again listen, during deliberation, to tape-recorded conversations by electronic surveillance between the defendant and the Commonwealth’s confidential informant;
 

 3. whether the trial court erred in refusing the appellant’s petition for a writ of habeas corpus when only the prosecuting police officer testified at the defendant’s preliminary hearing and offered hearsay testimony to meet the Commonwealth’s burden of establishing a prima facie case.
 

 Appellant first argues that he should be granted a new trial because the lower court erred in limiting the cross-examination of the Commonwealth’s confidential informant, Edward Mazur. Appellant contends that the trial court should have permitted him to cross-examine Mazur regarding potential bias in favor of the Commonwealth stemming from an outstanding bench warrant for Mazur’s
 
 *124
 
 arrest which was dismissed during the time period between appellant’s arrest and his trial. The trial court prohibited this line of questioning because it found that the charges against Mazur were eventually dismissed at a preliminary hearing when the complaining party failed to appear. Lower court opinion 10/8/90 at 2.
 

 This court has previously found that defense counsel may cross-examine a prosecution witness on possible favorable treatment received from the Commonwealth.
 
 Commonwealth v. Blassingale,
 
 391 Pa.Super. 395, 400, 571 A.2d 426, 429 (1990). It is reversible error not to allow this type of cross-examination, but harmless error if it did not control the outcome of the case.
 
 Id,.,
 
 391 Pa.Superior Ct. at 401, 571 A.2d at 429. In
 
 Blassingale, supra,
 
 the defendant wished to cross-examine the Commonwealth’s witness with regard to criminal charges that had been brought against the witness and which the Commonwealth withdrew prior to his testimony at trial, but during the period of his cooperation in the prosecution of the trial. In
 
 Blassingale,
 
 we held that where the charges against the witness were ultimately withdrawn because the victims in the criminal cases failed to appear, the Commonwealth had no control over the actions, and therefore such cross-examination was not necessary.
 
 Id.
 
 Thus, we found no inference of a deal between the Commonwealth and the witness to justify cross-examination for bias.
 

 Instantly, we have before us a similar situation. During the period between appellant’s arrest and trial, the Commonwealth dismissed charges against the informant, Edward Mazur. The trial judge concluded that the charges were dropped because the complainants failed to appear at the preliminary hearing. In accordance with our holding in
 
 Blassingale,
 
 we find that it was not error for the trial court to exclude this line of inquiry.
 

 In his second argument, appellant alleges that he is entitled to a new trial because the lower court erred in refusing a jury request to listen to a tape recorded conversation of the exchange between appellant and the Common
 
 *125
 
 wealth informant, after the jury began its deliberation. Appellant argues that the trial judge abused his discretion in failing to allow this request because neither appellant’s counsel nor the Commonwealth attorney objected to the jury’s request. The trial judge concluded that he feared replay of the tape would tend to emphasize the recorded statements over other evidence in the case and would therefore be improper. Lower Court Opinion 10/8/90 at 3.
 

 Decisions as to what exhibits may be taken out by the jury are within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion.
 
 Commonwealth v.
 
 Thomas, 372 Pa.Super. 349, 363, 539 A.2d 829, 836 (1988). To establish an abuse of discretion, appellant must show that the trial court disregarded or misapplied the law or that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record.
 
 Id.,
 
 372 Pa.Superior Ct. at-, 539 A.2d at 837.
 

 In
 
 Commonwealth v. Hall,
 
 523 Pa. 75, 565 A.2d 144 (1989), our supreme court held that it was not an abuse of discretion for the trial court, in that case, to send tape recorded statements with the jury in their deliberations because the record was devoid of evidence demonstrating that the use of such recorded statements could circumvent the rule that prohibits the jury from having any trial transcripts during deliberations. The court, however, discouraged such a practice because of the potential for abuse.
 
 Id.,
 
 523 Pa. at 83, 565 A.2d at 148.
 

 Instantly, we find no abuse of discretion in not allowing the jury to replay the tape recorded conversation between appellant and the informant. The trial judge indicated that the quality of the reproduction was poor, and that he did not wish the jury to emphasize that piece of evidence over the other evidence presented. We find these reasons sufficient to reject the jury’s request.
 
 See also Commonwealth v. Reed,
 
 268 Pa.Super. 240, 407 A.2d 1335 (1979) (re-reading of victim’s testimony was unnecessary and potentially prej
 
 *126
 
 udicial to appellant because it might seemingly place undue emphasis on the victim’s testimony).
 

 In his last argument, appellant contends that judgment of sentence should be vacated because the evidence was insufficient at the preliminary hearing to hold him over for trial. At that hearing, Officer William T. Chiappini, the investigating officer, testified to a conversation between appellant and informant Edward Mazur. This hearsay testimony was the only testimony offered at the preliminary hearing.
 
 [3]
 
 Appellant was held over for trial based on this hearsay testimony. He subsequently filed a pre-trial omnibus motion requesting,
 
 inter alia, habeas corpus
 
 relief based on the lack of evidence at the preliminary hearing. This motion was denied and appellant proceeded to trial.
 

 A preliminary hearing seeks to prevent a person from being imprisoned or required to enter bail for a crime which was never committed or for a crime with which there is no evidence of his connection.
 
 Commonwealth ex rel. Buchanan v. Verbonitz,
 
 525 Pa. 413, 416, 581 A.2d 172, 173 (1990) (plurality opinion). In
 
 Verbonitz, supra,
 
 the only evidence admitted at the preliminary hearing was the hearsay testimony of the investigating officer, who recounted the alleged criminal incident as told to him by the victim.
 
 Id.,
 
 525 Pa. at 415-16, 581 A.2d at 173. Our supreme court held that the United States and Pennsylvania Constitutions’ right to confrontation of witnesses requires more than hearsay testimony to hold a defendant over for trial.
 
 Id.,
 
 525 Pa. at 417-18, 581 A.2d at 174.
 

 Appellant relies on our supreme court’s decision in
 
 Verbonitz, supra,
 
 to arrest judgment because the only evidence presented at his preliminary hearing was the hearsay testimony of the prosecuting officer. Our supreme court, how
 
 *127
 
 ever, has also made clear that “if in fact it is determined at trial that the evidence of the Commonwealth is sufficient to be submitted to the jury, then any deficiency in the presentation [of the preliminary hearing] would have been harmless.”
 
 Commonwealth v. Hess,
 
 489 Pa. 580, 590, 414 A.2d 1043, 1048 (1980).
 

 We note, however, that the relief appellant seeks is curiously elusive. Generally, an order denying a pre-trial petition for
 
 habeas corpus
 
 relief is interlocutory, and therefore not immediately appealable.
 
 Id,.,
 
 489 Pa. at 589, 414 A.2d at 1048. This is especially true where the petition is grounded on the claim that insufficient evidence was produced at the preliminary hearing to make out a
 
 prima facie
 
 case against the defendant.
 
 Id.,
 
 489 Pa. at-, 414 A.2d at 1047-48.
 
 But see Commonwealth ex rel. Buchanan v. Verbonitz, supra,
 
 525 Pa. 413, 581 A.2d 172 (1990) (where our supreme court granted appellant’s petition for interlocutory appeal and dismissed the charges against appellant because of insufficient evidence at preliminary hearing). Therefore, appellant must, at least, immediately petition this court for review of the denial of his petition for writ of
 
 habeas corpus,
 
 based on the insufficiency of evidence presented at the preliminary hearing. Even then, it is doubtful that this court will grant review. Appellant may have to further petition the supreme court for review.
 
 Id.,
 
 525 Pa. at 416, 581 A.2d at 173.
 

 Here, appellant failed to petition this court for review of the denial of his writ of
 
 habeas corpus.
 
 He proceeded to trial where the confidential informant and the prosecuting officer testified at appellant’s trial. The trial judge determined that the evidence presented at trial was sufficient to go to the jury. Therefore, any defect in the preliminary hearing was cured at trial.
 
 Commonwealth v. Mignogna,
 
 401 Pa.Super. 188, 195-96, 585 A.2d 1, 4 (1990); see
 
 also Commonwealth v. Tyler,
 
 402 Pa.Super. 429, 587 A.2d 326, 328 (1991) (appellant was found guilty beyond a reasonable doubt and he failed to procedurally preserve his claim of procedural defect in preliminary hearing, by proceeding to
 
 *128
 
 trial instead of taking a direct appeal from the denial of his writ of habeas corpus).
 

 Judgment of sentence affirmed.
 

 [1]
 

 . 35 P.S. § 780-113(a)(16).
 

 [2]
 

 .
 
 Id.
 
 § 780-113(a)(30).
 

 [3]
 

 . The certified record is devoid of any transcript of the preliminary hearing. However, following that hearing, appellant filed an omnibus pretrial motion petitioning,
 
 inter alia,
 
 for
 
 habeas corpus
 
 relief because the evidence was insufficient at the preliminary hearing. At the hearing on the pretrial motion, Officer Chiappini testified that the only evidence offered at the preliminary hearing was the hearsay testimony of the confidential informant Edward Mazur.