OPINION
Defendant-appellant Tracy Davis appeals from the denial of his motion to withdraw his plea of guilty to Domestic Violence, without a hearing. Davis contends that the trial court erred by denying the motion without a hearing. We have reviewed the record, and we conclude that two of the grounds asserted in support of the motion do not constitute adequate grounds for the withdrawal of a plea, and that the third ground was not asserted with sufficient specificity, or with sufficient factual support, to justify a hearing. Accordingly, the judgment of the trial court is Affirmed.
 I
In October, 1999, Davis was charged by indictment with Domestic Violence. On November 23, 1999, Davis entered a plea of guilty to that charge. Subsequently, the trial court informed Davis's counsel that it intended to impose a nine-month prison term. On December 23, 1999, before sentence was actually imposed, Davis filed a motion to withdraw his plea.
The trial court denied Davis's motion to withdraw his plea, without a hearing. Thereafter, he was sentenced to imprisonment for nine months. Davis appeals from his conviction and sentence.
 II
Davis's sole assignment of error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING THE DEFENDANT-APPELLANT THE OPPORTUNITY TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING WITHOUT A HEARING.
 Davis's argument to the trial court in support of his motion to withdraw his plea was set forth in his memorandum in support of that motion, as follows:
 In the instant matter, the Defendant has indicated to the undersigned that he believed that he would receive community control based upon the prosecuting attorney's recommendation in this matter. Additionally, while the undersigned did not promise nor guarantee community control to the Defendant, the undersigned did indicate to the defendant that his chances to receive community control were, in the undersigned's experience, more likely after a plea than after being convicted at a trial. Further, the undersigned has been advised by the defendant that he believes he has received ineffective assistance of counsel. However, the undersigned adamantly disputes that accusation here on the record and has indicated the same to the defendant.
 Additionally, on Monday December 20, 1999 the undersigned was advised by the prosecuting attorney that the victim was uncooperative in this matter. The undersigned was aware that one of the investigating detectives was uncooperative but, was unaware that the victim was also uncooperative.
 Based upon the foregoing, and the potential for misunderstanding by the defendant as to the effect of his plea and the potential outcome of this matter, the undersigned moves this Court to allow the Defendant to withdraw his plea in this matter and to proceed to trial.
 From the above-quoted argument to the trial court, we take the following to be the grounds upon which Davis asserted that he was entitled to withdraw his plea: (1) his change of heart, based upon the knowledge that he would likely be sentenced to nine months' incarceration, rather than a community control sanction; (2) his belief that he had received ineffective assistance of counsel; and (3) his discovery that the alleged victim was "uncooperative" with the State.
A change of heart has been deemed insufficient to justify the withdrawal of a plea. State v. Drake (1991), 73 Ohio App.3d 640, at 645. This is especially true where the change of heart is based, as here, upon the defendant's learning what sentence the trial court is going to impose. State v. Lambros (1988), 44 Ohio App.3d 102, 103.
Davis's next ground for the relief he is seeking is the conclusory statement that "he believes he has received ineffective assistance of counsel." Davis did not specify in what way his trial counsel was ineffective. He did not support this assertion with any affidavit, even his own, self-serving affidavit. To the contrary, his conclusory assertion that he received ineffective assistance of counsel was presented to the trial court through his counsel, who "adamantly" disputed that assertion.
When a defendant files a petition for post-conviction relief, pursuant to R.C. 2953.21, he is not entitled to a hearing on his petition if the allegations in support of his petition are belied by the record, and are not supported by any evidence other than his own, self-serving affidavit. State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819;State v. Kapper (1983), 5 Ohio St.3d 36, 440 N.E.2d 823. This judge-made rule is designed to balance the petitioner's interest in obtaining relief in a meritorious case against the undue burdens that would be imposed upon the judicial system if an evidentiary hearing were required in every case.
In State v. Anderson (November 20, 1998), Montgomery App. No. 17040, unreported, we applied this same principle to a motion to withdraw a guilty plea, holding that no hearing is required on a motion to withdraw a guilty plea where it is supported only by a movant's own, self-serving affidavit, at least where that claim is not supported by the record. We find no reason to depart from our holding in State v. Anderson, supra.
Accordingly, we reject Davis's second ground, ineffective assistance of trial counsel, for the relief he is seeking.
Finally, Davis urges as a ground for the relief that he is seeking, his discovery, after his plea had been entered, that the alleged victim was not cooperating with the State. Davis argues that this was exculpatory evidence that should have been furnished to the defendant. We disagree.
The phrase, "exculpatory statement or evidence," has been defined as follows:
 A statement or other evidence which tends to justify, excuse or clear the defendant from alleged fault or guilt. State v. Cobb, 2 Ariz. App. 71, 406 P.2d 421, 423. Declarations against declarant's interest which indicate that defendant is not responsible for crimes charged. U.S. v. Riley, C.A. Iowa, 657 F.2d 1377, 1385. Evidence which extrinsically tends to establish defendant's innocence of crimes charged as differentiated from that which although favorably, is merely collateral or impeaching. Com. v. Jeter, 273 Pa. Super. 83, 416 A.2d 1100, 1102, for purposes of rule constraining State from disposing of potentially exculpatory evidence, is evidence which clears or tends to clear accused person from alleged guilt. Gibson v. State, 110 Idaho 631, 718 P.2d 283, 285.
Black's Law Dictionary, 6th Edition, 566.
In Brady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215, the United States Supreme Court held that a prosecutor has a duty to disclose exculpatory evidence to a defendant. In Wood v. Bartholomew
(1995), 516 U.S. 1, 116 S.Ct. 7, 133 L.Ed.2d 1, the United States Supreme Court held that it was not a violation of Brady, supra, for a prosecutor to fail to disclose to defendant the fact that a key witness for the prosecution had failed a polygraph examination, because the failure of the witness to pass a polygraph examination would not constitute admissible evidence.
We extract from Wood v. Bartholomew, supra, the principle that exculpatory evidence must be evidence that would tend to favor the accused. In the case before us, the defendant learned, after entering his plea, that the State was having a problem with its inculpatory evidence; that is, the complaining witness was being "uncooperative." We do not understand difficulty that the State may be experiencing in lining up its inculpatory evidence as constituting admissible exculpatory evidence. For example, if both the State and the defendant were aware that there was a videotape showing the defendant committing the crime, and it should subsequently come to pass that a technician for the State were, inadvertently, to erase the tape, we would not understand that the State would be under a duty to disclose that fact to the defendant, because no exculpatory evidence would be involved.
In short, we conclude that the State did not fail to disclose exculpatory evidence to the defendant, the third ground upon which Davis predicates his motion for a new trial.
Because we conclude that Davis did not set forth a sufficient basis for his motion for a new trial to require the trial court to hold a hearing on that motion, his sole assignment of error is overruled.
 III
Davis's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 __________ FAIN, J.,
WOLFF, J., concurs.