J-S52026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIARA ZHANE HERNANDEZ | |
| Appellant | No. 1974 MDA 2016 |

Appeal from the Judgment of Sentence November 18, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000980-2016

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 22, 2017**

Tiara Zhane Hernandez appeals from the judgment of sentence, entered in the Court of Common Pleas of Centre County, on November 18, 2016.  After careful review, we reverse and remand for a new trial.

On June 11, 2016, Hernandez was charged with burglary,[1] criminal trespass,[2] and two counts of simple assault.[3]  These charges arose out of an incident on June 3, 2016, where Hernandez allegedly broke into Spryce York's residence and assaulted her.  There was conflicting testimony as to whether anyone invited Hernandez to York's residence.

---

[1] 18 Pa.C.S.A. § 3502(a)(1).

[2] 18 Pa.C.S.A. § 3503(a)(1).

[3] 18 Pa.C.S.A. § 2701(a)(1).

Hernandez testified that York's friend, Shawntay Pope, told Hernandez that her keys were inside York's apartment. After Hernandez went inside to retrieve her keys, Pope locked the door and trapped Hernandez inside. Hernandez claimed that Pope then told Hernandez someone wanted to speak to her, at which time York came out of a room, grabbed Hernandez's hair and began hitting Hernandez in the head. York testified that upon Hernandez's arrival, Hernandez chased York, and once York retreated inside her apartment, Hernandez forced her way inside. York claimed Hernandez immediately punched her in the left eye and began hitting her in the mouth. York testified that she locked the door to prevent Hernandez from running from the police. Hernandez claimed York struck her four or five times before she hit York back. While York was preventing Hernandez from leaving, Hernandez bit York on the shoulder to get her away from the door, and Hernandez fled through a window.

Following trial, a jury acquitted Hernandez of the burglary and criminal trespass charges, but found her guilty of simple assault. The court sentenced Hernandez to imprisonment of three days to twenty-three and one-half months, as well as fines, costs, and restitution. On appeal, Hernandez raises the following question for our review:

> Did the [t]rial [c]ourt commit reversible error when it permitted the jurors to have for use during deliberations written copies of the portion of the [t]rial [c]ourt's charge on the elements of the offense, but denied several requests by the defense to provide the jurors with a copy of the self-defense instruction, in

- 2 -

contradiction of Rule 646 of the Pennsylvania Rules of Criminal Procedure?

Appellant's Brief, at 5.

Whether materials should be allowed to go out with the jury during deliberations is within the sound discretion of the trial court. ***Commonwealth v. Barnett***, 50 A.3d 176, 194 (Pa. Super. 2012). Hernandez argues that Rule 646(B)(1) of the Pennsylvania Rules of Criminal Procedure, and the comment thereto, establish that the trial court abused its discretion when it allowed the jurors to have written copies of the court's charge on the elements of the offenses, but refused to provide the jurors with written copies of the self-defense instruction. We agree.

Rule 646(B) provides:

> The trial judge may permit the members of the jury to have for use during deliberations written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed.
>
> > (1) If the judge permits the jury to have written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed, the judge shall provide that portion of the charge in its entirety.

Pa.R.Crim.P. 646(B)(1). The comment to Rule 646 further explains:

> It is within the discretion of the trial judge to permit the use of the written copies of the portions of the charge on the elements by the jury during deliberations. **However, once the judge permits the use of the written elements, the elements of all of the offenses, lesser included offenses, *and* defenses upon which the jury was charged must be provided to the jury in writing**.

- 3 -

Pa.R.Crim.P. 646 cmt. (emphasis added).

The Commonwealth claims Hernandez's argument fails because the comments to the Rules of Criminal Procedure merely provide guidance and are not binding. The Commonwealth is correct that comments by the Supreme Court's Criminal Rules Committee are not binding on this Court, but they "may be considered as effective aides in interpreting the meaning of the rule." *Commonwealth v. Reeb*, 593 A.2d 853, 856 (Pa. Super. 1991). *See Commonwealth v. Lockridge*, 810 A.2d 1191, 1196 (Pa. 2002) ("Although the Comments are not part of the Rules and have not been officially adopted or promulgated by this [C]ourt, a court may rely on the Comments to construe and apply the Rules) (internal citations omitted). Here, we are guided by the Comments to Rule 646.

The legislative history of Rule 646 provides further support for our conclusion that the trial court erred in providing the jurors with written instructions on the elements of the offenses, but not on the elements of self-defense. Rule 646 was amended in 2009 to resolve section 646(B)(4), which precluded written instructions in the deliberation room at the close of a criminal jury trial. The text of the 2009 bill makes clear that the amendment intended for jurors to have written instructions on the elements of each crime charged *and* any relevant defenses during its deliberations. H.R. 128, 193rd Gen. Assem., Reg. Sess. (Pa. 2009) (emphasis added). The bill reads as follows:

WHEREAS, After the presiding judge instructs the jury on the applicable law, many jurors may have questions; and

WHEREAS, Jury questions about the applicable law may result in requests to the court to repeat or explain instructions, causing inefficiency in the deliberative process and unnecessary delay; and

WHEREAS, Written instructions may reduce the number of questions by the jury about their instructions during deliberations, while serving to remind jurors to consider all aspects of the legal claims or offenses and as a means of structuring the deliberative process; and

* * *

RESOLVED, That the General Assembly urge the Pennsylvania Supreme Court, in the exercise of its rulemaking authority, to enact a rule of criminal procedure allowing written jury instructions pertaining to the elements of **each crime charged *and* any relevant defenses** to be provided to jurors for use as part of the deliberative process by the jury.

H.R. 128, 193d Gen. Assem., Reg. Sess. (Pa. 2009) (emphasis added).

We believe the purpose of the 2009 amendment to Rule 646 was to prevent confusion and inefficiency, which is at issue in this case. Here, the jury heard the self-defense instruction a total of five times. The court read the self-defense instruction three times before the jury began deliberations. During deliberations, the jury came back with the following question: "If it's self-defense, does that rule out the bodily injury caused and bodily injury attempted and could we have the definition of self-defense and any documentation for determination?" N.T. Jury Trial, 10/17/16, at 396. At this point, the judge read the instructions to the jury two more times, and

noted the definition for justification of self-defense is "not an easy one to get through" and that "[i]t's very complicated." *Id*. at 396, 401.

Not only did the jury itself request written copies of the self-defense instruction, but Hernandez's counsel also made several requests that the court provide the jury with written instructions on self-defense and objected to the court's failure to do so. The judge denied these requests because she did not have a way of getting the instruction prepared, despite counsel's suggestion to photocopy the instructions. *Id*. at 409.[4]

Moreover, this Court has held that a trial court may refuse to allow the jury to have an exhibit during deliberations if it will cause the jury to place undue emphasis on that particular piece of evidence over other evidence. *See Commonwealth v. Taylor*, 596 A.2d 222, 224 (Pa. Super. 1991) (concluding trial court's refusal of jury's request to send back tape recorded conversation between defendant and confidential informant when judge believed jury would place undue emphasis on recording was not abuse of

---

[4]

> MS. LUX: Your Honor, again, I would just note the Court indicated the Court did not want to send out the written instruction because the Court had no way of preparing it.
>
> I would suggest that we just photocopy the written jury instruction and send that out, noting where—just even crossing out the sections that deal with deadly force.
>
> THE COURT: I don't like that.

N.T. Jury Trial, 10/17/16, at 409.

discretion). Providing the jury with written instructions on the elements of an offense, but not on the elements of the relevant defense, could unquestionably cause the jury to place undue emphasis on the offense.

The Commonwealth further asserts that even if it was error for the trial court not to provide the jury with a copy of the written self-defense instruction, that error was harmless. We disagree. We note first that harmless error is the appropriate guide for our review. In **Commonwealth v. Strong**, 836 A.2d 884 (Pa. 2003), the Pennsylvania Supreme Court stated that a "harmless error analysis will be applied to violations of this ilk, and that not every violation is *per se* prejudicial." **Id.** at 888. There, the jury viewed a diagram of the crime scene during trial, but it was not admitted as an exhibit. During deliberations, the jury asked to view the diagram again, and, over defendant's objection, the court allowed it. On appeal, defendant argued the court erred because the diagram was not and exhibit and was not specifically allowed under Rule 646. The Court, noting that "[t]he underlying reason for excluding certain items from the jury's deliberations is to prevent placing undue emphasis or credibility on the material, and de-emphasizing or discrediting other items not in the room with the jury[,]" **id.** at 888, found the diagram of relatively little value in light of the overwhelming evidence from eyewitness testimony. The Court, therefore, found the error "patently harmless." **Id.** at 889. **See Commonwealth v. Story**, 383 A.2d 155, 166 (Pa. 1978) ("[A]n error may

be harmless where the properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the error is so insignificant by comparison that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict.").

Both the Commonwealth and the trial court judge maintain that the evidence is insufficient to support a finding of self-defense because that would be contrary to the jury's findings. However, that reasoning assumes the conclusion. It is not clear beyond a reasonable doubt that the trial court's error in failing to provide the jury with a written self-defense instruction could not have contributed to the jury's guilty verdict. As stated above, the clear danger is that the jury will overemphasize the significance of the materials it has, while de-emphasizing or discrediting those materials it does not have before it. ***Strong***, ***supra***.

Pursuant to the purpose of Rule 646, once the judge decided to give the jury written instructions on the elements of the offenses, Hernandez was entitled to have written instructions on any relevant defenses provided to the jury as well. Allowing the jury to take back written instructions on the elements of the offenses, while disallowing written instructions on self-defense, was prejudicial. The error, therefore, was reversible, not harmless. Accordingly, we vacate Hernandez's conviction and judgment of sentence, and we reverse and remand for a new trial consistent with this decision.

Judgment of sentence reversed and remanded for new trial. Jurisdiction relinquished.

MUSMANNO, J., Joins this memorandum.

GANTMAN, P.J., Concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2017