J-S38012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDALL HOCKETT | : | |
| | : | |
| Appellant | : | No. 1136 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 9, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002538-2018

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED:  February 2, 2022**

Appellant, Randall Hockett, appeals from the judgment of sentence of 43½ to 87 years' incarceration, imposed after a jury convicted him of two counts of assault of a law enforcement officer, four counts of aggravated assault, possession of a firearm by a person prohibited, and carrying a firearm without a license.  On appeal, Appellant argues that the Commonwealth failed to establish a *prima facie* case at his preliminary hearing, and that the court erred by not awarding him credit for time served prior to his sentencing.  After careful review, we affirm Appellant's convictions, but vacate his judgment of sentence and remand for further proceedings.

The trial court summarized the pertinent facts and procedural history of Appellant's case, as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] was charged with numerous crimes arising out of events which occurred in Wilkinsburg, Allegheny County[,] on January 21, 2018. More specifically, it was alleged that at approximately 3 a.m., while responding to the call of a burglary in progress at 1810 Clark Street, police officers were confronted by … [Appellant] in the side yard of that residence. Wilkinsburg Police Officer John Snyder testified that as he rounded the corner of the house, he was surprised to come face to face with … [Appellant], who was armed with a handgun. Then, just as … [Appellant] aimed for the officer and discharged his firearm, Officer Snyder slipped on the snow, fell to the ground, and was barely able to avoid being wounded. In the exchange of gunfire with police that followed, however, … [Appellant] was wounded and taken into custody. As he was turned over to be handcuffed, police recovered [Appellant's] gun[,] which was cocked and appeared to have all the rounds expended. Because this was a police-involved shooting, Wilkinsburg requested the assistance of the Allegheny County Homicide Unit to investigate.

Ultimately, Allegheny County detectives charged … [Appellant] with various crimes, including two counts of criminal attempt (murder of a law enforcement officer of the first degree), two counts of assault of [a] law enforcement officer, four counts of aggravated assault, possession of a firearm [by a person] prohibited, two counts of burglary, one count of firearm not to be carried without a license, discharge of a firearm into [an] occupied structure, and one count of recklessly endangering another person. After a preliminary hearing, the charges were held for court. … [Appellant] elected to be tried before a jury, selection of which began in September of 2019. Ultimately, … [Appellant] was convicted of the assault and firearms violations and sentenced to an aggregate an period of 43½ to 87 years of incarceration[.]

Trial Court Opinion (TCO), 8/2/21, at 2-3.

Appellant filed a timely notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court thereafter filed a Rule 1925(a) opinion. Herein, Appellant states two issues for our review:

1. Did the trial court err in failing to grant [Appellant's] requests for dismissal where the Commonwealth failed to establish a *prima*

*facie* case at his preliminary hearing because it relied solely on evidence that was hearsay[,] or which should have been regarded as hearsay at best[,] and which was contrary to the incontrovertible physical facts and other incontrovertible record evidence, and, thus, insufficient as a matter of law to support a *prima facie* case?

2. Did the trial court err in failing to award [Appellant] credit for the time he served prior to his sentencing?

Appellant's Brief at 4.

Appellant first argues that the evidence presented by the Commonwealth at the preliminary hearing was insufficient to establish a *prima facie* case of his guilt. He insists that the Commonwealth presented only hearsay testimony, which so conflicted with the "incontrovertible facts" of the case that it could not possibly be deemed credible. *Id.* at 14. Consequently, Appellant contends that the trial court erred by not granting any of his multiple, pretrial petitions for writ of *habeas corpus* to dismiss his case based on the alleged inadequacy of the evidence at his preliminary hearing.[1]

We agree with the Commonwealth that Appellant's challenge to the sufficiency of the evidence at his preliminary hearing became moot upon his conviction following a jury trial. As the Commonwealth points out,

[i]t is well settled that "once a defendant has gone to trial and been found guilty of a crime, any defect in the preliminary hearing is rendered immaterial." *Commonwealth v. Jacobs*, … 640 A.2d

---

[1] Specifically, Appellant raised this issue in a *pro se* petition for writ of *habeas corpus* on August 23, 2018; an amended, *pro se* petition for writ of *habeas corpus* on October 31, 2018; a counseled petition for writ of *habeas corpus* on December 12, 2018; and a *pro se* "Motion to Dismiss Due to Lack of Probable Cause and Jurisdiction over Subject Matter" on February 5, 2019. All those filings were denied orally by the court at the start of Appellant's jury-selection proceeding. *See* N.T., 9/9/19, at 12.

1326, 1330 ([Pa. Super.] 1994)[] [()quoting **Commonwealth v. Worrall**, … 609 A.2d 851, 852 ([Pa. Super.] 1992)[)]. **See[,] e.g.**, **Commonwealth v. Lee**, … 662 A.2d 645, 650 ([Pa.] 1995) (deeming moot [the] defendant's claims that [the] preliminary hearing judge should have recused himself, as well as the claim that the evidence failed to establish probable cause, where [the] defendant ultimately was found guilty by a jury); **Commonwealth v. McCullough**, 461 A.2d 1229, 1231 ([Pa.] 1983) (concluding that [the] Commonwealth's failure to establish [a] *prima facie* case at [the] preliminary hearing was immaterial where [the] Commonwealth subsequently met its burden of proof beyond a reasonable doubt at trial); **Commonwealth v. Hess**, … 414 A.2d 1043, 1048 ([Pa.] 1980) ([stating that w]here "it is determined at trial that the evidence of the Commonwealth is sufficient to be submitted to the jury, then any deficiency in the presentation before the district justice would have been harmless"); **Commonwealth v. Cassidy**, … 620 A.2d 9, 11 ([Pa. Super.] 1993); **Commonwealth v. Tyler**, … 587 A.2d 326, 328 ([Pa. Super.] 1991); **Commonwealth v. Taylor**, … 596 A.2d 222, 224–[]25 (Pa. Super. 1991); **Commonwealth v. Troop**, … 571 A.2d 1084, 1088 ([Pa. Super.] 1990); and **Commonwealth v. Lyons**, … 568 A.2d 1266, 1268 ([Pa. Super.] 1989). **Cf. Commonwealth v. Walter**, … 966 A.2d 560, 565 ([Pa.] 2009) ("Any claims of inadequacy [the] appellant alleges with respect to pre-trial matters have been rendered moot by the [']subsequent independent judicial judgment['] confirming the existence of the aggravating circumstance in this case.") [(citations omitted)]; and **Commonwealth v. Haney**, … 131 A.3d 24, 41 ([Pa.] 2015) (same).

Commonwealth's Brief at 5-6.

In Appellant's reply brief, he insists that "the appellate decisions upon which the Commonwealth relies lack any meaningful legal analysis, [and] rest ultimately on *dicta* that presumes the availability of the appellate remedy they foreclose…." Appellant's Reply Brief at 9. More importantly, he claims, those decisions "ignore[] completely a defendant's rule-based right to a preliminary hearing and his constitutional rights therein, and create[] a semi-anarchical situation in which defendants whose cases did not legally proceed to trial are

- 4 -

subjected to all the burdens of trial and then perversely denied the right to challenge that procession as of right on appeal, ever, on the ground that their illegal trial somehow justified its own existence." *Id.* at 6 (emphasis omitted).

Initially, the cases cited by the Commonwealth demonstrate that both our Supreme Court and this Court have expressly, and repeatedly, held that a determination of guilt at trial renders moot any challenges to the adequacy of the preliminary hearing. Moreover, contrary to Appellant's argument, he could have sought review of the trial court's denial of his pretrial petition(s) for writ of *habeas corpus* on the basis that the Commonwealth failed to establish a *prima facie* case at the preliminary hearing.[2] While "[g]enerally, the denial of a pre-trial writ of *habeas corpus* based on a lack of sufficient *prima facie* evidence does not constitute an appealable order[,] … [w]here exceptional circumstances exist, an appeal from such an interlocutory order may be considered." **Commonwealth v. Ricker**, 120 A.3d 349, 353 (Pa. Super. 2015) (citation omitted), *disapproved of on other grounds by* **Commonwealth v. McClelland**, 233 A.3d 717 (Pa. 2020). While Appellant

---

[2] Indeed, Appellant —who dismissed multiple, court-appointed attorneys and represented himself at various points during the pretrial proceedings, as well as at trial — acknowledged his understanding of his right to file an appeal from the court's interlocutory order denying his petition(s). **See** N.T. Hearing, 4/2/19, at 55 (Appellant's stating that if the court denied his petition for *habeas corpus*, he "can still appeal on this matter interlocutory," and the Commonwealth's agreeing that Appellant could "file for an interlocutory appeal"); N.T. Hearing, 9/9/19, at 11 (Appellant's stating he "would like an interlocutory appeal" from the court's denial of his pretrial motions, and the court's informing him that "[t]here are certain rules with regard to interlocutory appeals").

had (and clearly understood) the ability to file an interlocutory appeal from the court's order denying his petition(s) for writ of *habeas corpus*, and argue that exceptional circumstances exist to warrant our review, he chose not to do so. Accordingly, we conclude that Appellant's challenge to the sufficiency of the evidence at the preliminary hearing became moot upon his conviction.

In Appellant's second issue, he contends that the trial court erred by not giving him credit for 687 days of incarceration he served prior to sentencing in this case.[3] According to the Commonwealth, no relief is due on this claim because the court stated at the sentencing hearing that Appellant "shall receive credit for any time served which may be attributable to this case." N.T. Sentencing, 12/9/19, at 20. The Commonwealth notes that Appellant's prior record score was a five, "and therefore, it may well be that some or all of his pretrial incarceration was applied to an outstanding sentence of probation or parole. However, as this claim was not raised previously, there is no evidence of record to evaluate this possibility, or whether [A]ppellant is being denied credit." *Id.* at 9. Thus, the Commonwealth suggests that we deny relief, and that Appellant may then "file a post conviction petition under

---

[3] We observe that Appellant did not raise this argument before the trial court. However, we agree with him that it constitutes a non-waivable challenge to the legality of his sentence. *See Commonwealth v. Davis*, 852 A.2d 392, 399 (Pa. Super. 2004) ("An attack upon the court's failure to give credit for time served is an attack upon the legality of the sentence and cannot be waived.").

the Post Conviction Relief Act [to] raise the issue, with the obligation to plead and prove his claim." *Id.*

We disagree with the Commonwealth's recommended course of action. While the trial court did direct that Appellant receive credit for time served at the sentencing hearing, the court's written sentencing order made no mention of credit for time served. *See* Sentencing Order, 12/9/12, at 1-2 (unnumbered). Moreover, the certified record contains a DC-300B Court Commitment Form, which states multiple times that Appellant is to receive "0 days" credit for time served. *See* Court Commitment Form, 12/13/19, at 1, 3. Thus, it appears that Appellant's sentence does not include credit for any time served. Accordingly, we vacate Appellant's judgment of sentence and remand for the court to determine what, if any, credit for time served Appellant is entitled and to resentence him accordingly.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2022