536 A.2d 436

COMMONWEALTH of Pennsylvania

v.

Harry M. GREEN, Sr., Appellant.

Superior Court of Pennsylvania.

Argued Nov. 18, 1987.

Filed Jan. 19, 1988.

Elliot J. Segel, Erie, for appellant.

Ernest J. DiSantis, Jr., Assistant District Attorney, Erie, for Com., appellee.

Before WIEAND, MONTEMURO and POPOVICH, JJ.

MONTEMURO, Judge:

Appellant Harry M. Green, Sr., appeals from an Order denying his motion to dismiss on grounds of double jeopardy and/or various discovery violations. We affirm.

Appellant was convicted by jury of rape, statutory rape, corruption of minors, and indecent assault. On February 22, 1983, appellant was sentenced to consecutive terms of ten (10) to twenty (20) years on each of the rape charges. Appellant filed a timely appeal from the judgment of sentence, raising fourteen issues. A panel of this Court held that a prejudicial hearsay violation had been committed and remanded the case for a new trial. *Commonwealth v. Green,* (No. 00410 Pittsburgh, 1983, memorandum opinion, Filed May 10, 1985). We also commented that the Commonwealth violated the doctrine promulgated in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Pa.R.Crim.P. 305(B)(1) by failing to disclose exculpatory results of the physical examinations of the victims, which showed that there was no evidence of physical trauma. *Green, supra.* On remand appellant claimed that his retrial was barred by the Double Jeopardy Clause of the Fifth and Fourteenth Amendments. After conducting a hearing at which the examining physician testified, the trial court denied appellant's motion based on the fact that appellant could not prove intentional misconduct on the part of the Commonwealth. This timely appeal followed.

Appellant frames the following issue for our review: Whether Commonwealth's concealment of exculpatory and material evidence, to wit, exculpatory hospital/medi-

cal reports of alleged sex offense victims, and its misrepresentation to the physician who examined said alleged victims, that he need not appear as a witness because appellant had plead guilty, constitutes intentional and bad faith prosecutorial misconduct and overreaching, thus barring on double jeopardy grounds, any retrial of the appellant?

 In 1982 the United States Supreme Court held in *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), that the constitutional protection against double jeopardy will prohibit retrial of a defendant following a defense-requested mistrial only where the prosecutorial misconduct on which the defense motion was based was intended to provoke the defendant into moving for a mistrial. *Id.* at 679. Our supreme court adopted the *Oregon v. Kennedy* standard in *Commonwealth v. Simmons*, 514 Pa. 10, 15, 522 A.2d 537, 540 (1987). In *Simmons*, the defendant and his accomplice were convicted of second degree murder and robbery. Both appealed claiming that a new trial was warranted because the prosecutor had concealed from the jury the terms of a plea agreement between a witness and the Commonwealth. The cases were remanded for a joint hearing on the issue and the trial court determined that new trials were warranted. In affirming the denial of motion to dismiss on double jeopardy grounds, our supreme court announced:

> In light of the altered basis of [*Commonwealth v.*] *Starks* [490 Pa. 336, 416 A.2d 498 (1980) ], we now declare that henceforth double jeopardy will attach only to those mistrials which have been intentionally caused by prosecutorial misconduct.

*Id.*, 514 Pa. at 16, 522 A.2d at 540.

Consequently, we read *Simmons* as holding that a criminal defendant may invoke the bar of double jeopardy at a subsequent trial where it is determined that the *prosecutorial misconduct giving rise to the mistrial or retrial after successful appeal* was intended to provoke the defendant into moving for a mistrial. (emphasis added). While at

first glance it may appear that *Kennedy* and *Simmons* are dispositive, we believe that a different line of reasoning is warranted in the instant case. Our belief is based on the fact that appellant's new trial was granted as a result of a successful appeal finding a prejudicial hearsay violation, and not as a result of prosecutorial misconduct.[1]

The law is well-settled that the Double Jeopardy Clause does not impose a "limitation upon the power of the government to retry a defendant who has succeeded in persuading a court to set his conviction aside, unless the conviction has been reversed because of insufficiency of the evidence." *Kennedy, supra* 456 U.S. at 676 n. 6, 102 S.Ct. at 2090 n. 6. *See also U.S. v. Leppo,* 634 F.2d 101 (3d Cir.1980) (double jeopardy bars retrial after defendant's conviction has been overturned as a result of insufficient evidence, but does not bar retrial in cases in which the judicial process was defective as a result of improper receipt of evidence); *Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604 (1983). In discussing the various contexts in which double jeopardy claims have arisen, the United States Supreme Court opined:

> Finally, if the first trial has ended in a conviction, the double jeopardy guarantee 'imposes no limitations whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside.' 'It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.' '[T]o require a crimi-

1. We note that even if we were to apply the *Oregon v. Kennedy* standard, we would agree with the trial court's determination that the objective facts of this case do not demonstrate the type of intentional conduct required to invoke the bar of double jeopardy. The trial court found that the failure to disclose the results of the victim's physical examinations was a result of the "mistaken belief that the results were inconsequential and not mandatorily discoverable." Trial Court Op. at 4. This finding is supported by the record and we will not disturb it. *See Commonwealth v. Mack,* 313 Pa.Super. 372, 376, 459 A.2d 1276, 1278 (1983).

nal defendant to stand trial again after he has successfully invoked his statutory right of appeal to upset his first conviction is not an act of governmental oppression of the sort which the Double Jeopardy Clause was intended to protect.'

*United States v. DiFrancesco,* 449 U.S. 117, 131, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980) (citations omitted).

In the case at bar, while we did offer guidance to the trial court in the form of dicta that the results of the physical examinations of the victims was exculpatory evidence that was discoverable under Pa.R.Crim.P. 305(B)(1), we ordered a new trial because prejudicial hearsay had been admitted at the first trial and not because of the inadvertence or misconduct of the prosecutor. Were we to hold that reversal of a conviction on grounds other than intentional prosecutorial misconduct would bar reprosecution, it is doubtful that appellate courts would be as zealous as they should be in vindicating improprieties committed at the trial and pretrial stage. By successfully exercising his right to appeal, appellant's original conviction has, at his own behest, been nullified and the slate wiped clean. The erroneous admission of hearsay at trial, which was the basis for overturning the guilty verdict, and the mistaken belief that the physical examination results were nondiscoverable, have been corrected by providing appellant with another opportunity to obtain "a fair adjudication of his guilt free from error." *Vogel, supra* 501 Pa. at 327, 461 A.2d at 611. At the same time we have accommodated "society's valid concern for ensuring that the guilty are punished." *Id.* Because appellant was granted a new trial as a result of an appellate determination that prejudicial hearsay had been admitted at his first trial, and not as a result of prosecutorial misconduct, double jeopardy may not be invoked as a bar to his retrial.

Accordingly, the order of the trial court is affirmed.

Order affirmed.