COMMONWEALTH of Pennsylvania,
Appellee,

v.

Kim Lee McMULLEN, Appellant.

Superior Court of Pennsylvania.

Argued June 17, 1998.
Filed Nov. 17, 1998.

William R. Tressler, Bellefonte, for appellant.

Robert B. Stewart, III, Dist. Atty., Huntingdon, for Com., appellee.

Before McEWEN, President Judge, and DEL SOLE and TAMILIA, JJ.

McEWEN, President Judge:

This appeal has been taken from the order entered February 4, 1997, which denied the pre-trial motion to dismiss, on the ground of double jeopardy, filed by appellant, Kim Lee McMullen, after the record in this homicide case was remanded for a new trial pursuant to the order of the Pennsylvania Supreme Court in *Commonwealth v. McMullen*, 545 Pa. 361, 681 A.2d 717 (1996). The Supreme Court vacated the judgment of sentence and remanded for a new trial as a result of finding that the *corpus delicti* rule had been violated when the trial court permitted the introduction, over objection, of an inculpatory statement made by appellant prior to the introduction of any independent evidence to establish that a crime had actually occurred. The Supreme Court [1] concluded, after review of the entire trial transcript, "that the evidence simply does not indicate that [the victim's] death was more likely caused by criminal means than it was by an accident."

---

1. The Superior Court had previously reached the same conclusion in *Commonwealth v. McMullen*, 420 Pa.Super. 130, 616 A.2d 14 (Pa.Super.1992), *rev'd. in part*, 545 Pa. 361, 681 A.2d 717 (1996).

*Commonwealth v. McMullen, supra* at 373, 681 A.2d at 723.

The Supreme Court affirmed the judgment of sentence of not less than eleven months nor more than five years imprisonment which had been imposed upon appellant for the offense of burglary. Appellant, however, had completed the five-year sentence imposed on the burglary conviction on April 1, 1995, more than one year prior to the filing of the Supreme Court opinion which vacated the second degree murder conviction, and thus remained incarcerated solely as a result of the pending murder charges. Appellant then filed an omnibus pre-trial motion to dismiss the murder charges alleging he was entitled to discharge "on grounds of double jeopardy where the Pennsylvania Supreme Court ruled that there was insufficient evidence to warrant a conviction at McMullen's first trial." The trial court disagreed, based in part upon the production by the Commonwealth of a new autopsy report, produced some 12 years after the death of the victim, and this appeal timely followed.

■ Appellant has **not** filed a motion for writ of *habeas corpus,* but rather contends that the ruling of the Supreme Court, in conjunction with the doctrine of double jeopardy, precludes a second trial on the homicide charges. This argument evidences a profound misapprehension of the principles of double jeopardy. A court is precluded from finding that the double jeopardy clause, of either the United States Constitution or the Pennsylvania Constitution, bars a retrial when an appeal from a guilty verdict is successful only when an expurgated record enables a finding that the remaining, admissible evidence is insufficient to sustain the verdict. *See, e.g. Commonwealth v. Smith,* 523 Pa. 577, 582, 568 A.2d 600, 603 (1989), *reversed on other grounds,* 532 Pa. 177, 615 A.2d 321 (1992); *Commonwealth v. Maybee,* 429 Pa. 222, 226, 239 A.2d 332, 335 (1968). " 'Where improperly admitted evidence has been allowed to be considered by the jury, its subsequent deletion does not justify a finding of insufficient evidence. The remedy in such a case is the grant of a new trial.' " *Commonwealth v. Parker,* 435 Pa.Super. 81, 644 A.2d 1245, 1247 (Pa.Super.1994), *allo. denied,* 540

Pa. 630, 658 A.2d 793 (1995), quoting *Commonwealth v. Smith, supra* at 582, 568 A.2d at 603.

The law is well-settled that the Double Jeopardy Clause does not impose a "limitation upon the power of the government to retry a defendant who has succeeded in persuading a court to set his conviction aside, unless the conviction has been reversed [solely] because of insufficiency of the evidence." [*Oregon v.*] *Kennedy,* 456 U.S. [667] at 676 n. 6, 102 S.Ct. [2083] at 2090 n. 6 [72 L.Ed.2d 416 (1982)]. *See also U.S. v. Leppo,* 634 F.2d 101 (3d Cir.1980)(double jeopardy bars retrial after defendant's conviction has been overturned as a result of insufficient evidence, but does not bar retrial in cases in which the judicial process was defective as a result of improper receipt of evidence); *Commonwealth v. Vogel,* 501 Pa. 314, 461 A.2d 604 (1983). In discussing the various contexts in which double jeopardy claims have arisen, the United States Supreme Court opined:

> Finally, if the first trial has ended in a conviction, the double jeopardy guarantee 'imposes no limitations whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside.' 'It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.' '[T]o require a criminal defendant to stand trial again after he has successfully invoked his statutory right of appeal to upset his first conviction is not an act of governmental oppression of the sort which the Double Jeopardy Clause was intended to protect.'

*United States v. DiFrancesco,* 449 U.S. 117, 131, 101 S.Ct. 426, 434, 66 L.Ed.2d 328 (1980) (citations omitted).

*Commonwealth v. Green,* 370 Pa.Super. 343, 536 A.2d 436, 438 (Pa.Super.1988).

■ Since the record from the first trial contained sufficient evidence to support the conviction, we are only able to find that the evidence is insufficient if we ignore the im-

properly admitted inculpatory statement of appellant, an action which we are not permitted to undertake at this point in the proceedings.

■ The Commonwealth has the right to insist upon an opportunity to present its entire case, either at a *habeas corpus* hearing[2] or at trial, before any review of the sufficiency of the evidence may be undertaken by this Court. While the record presently before this Court strongly suggests that the Commonwealth will not be able to meet its burden of proof under *Commonwealth v. Byrd*, 490 Pa. 544, 417 A.2d 173 (1980), *see: Commonwealth v. McMullen*, 545 Pa. 361, 371 n. 5, 681 A.2d 717, 722 n. 5 (1996), that issue is not yet ripe for review by this Court.

Therefore, although the evidence presently of record is insufficient to establish the *corpus delicti* of murder, the trial court properly concluded that retrial is not barred by principles of double jeopardy. We, therefore, affirm the order of the distinguished Judge Keith B. Quigley.

Order affirmed.

TAMILIA, J., files a dissenting opinion.

TAMILIA, Judge, dissenting.

I respectfully dissent.

Appellant, Kim Lee McMullen, challenges the Order of February 4, 1997, whereby the trial court denied appellant's motion to dismiss this action on grounds of double jeopardy. In previous litigation, the Pennsylvania Supreme Court determined that the doctrine of corpus delicti barred the admission of appellant's inculpatory statement because the statement was not corroborated by independent evidence that a crime had actually occurred. In this action, appellant claims that double jeopardy bars his retrial as without the inculpatory statement, the Commonwealth possessed insufficient evidence to convict appellant at his first trial.

The Pennsylvania Supreme Court summarized the facts of this case as follows.

In the late evening or early morning hours of February 23–24, 1985, the Grocery Box, a food store in Orbisonia, Pennsylvania, was burglarized. Eight days later, on March 4, 1985, the body of Dominic Barcelona was recovered from Black Log Creek, not far from the Grocery Box. The body was about 400 to 500 yards downstream from a highway bridge and about 300 yards downstream from a railroad bridge. Barcelona, a 30–year old schizophrenic, was well known throughout the community for his habit of taking extensive walks. He also walked with a limp sustained as a result of being hit by a car during one of these walks.

At the time of these events, the police made no connection between the burglary and Barcelona's death. Instead, police concluded that Barcelona accidentally drowned because neither Barcelona's body nor the location of his death bore evidence of foul play. This conclusion was supported by the pathologist who autopsied Barcelona and also by the county coroner.

However, after rumors surfaced that the burglary and drowning were related, the Pennsylvania State Police reopened both investigations in the latter part of 1989. [Appellant], who was then incarcerated on other charges, gave a statement averring that he and another man, Adam Wiser, burglarized the Grocery Box and, while fleeing, encountered Barcelona on a nearby bridge. *McMullen*, 420 Pa.Super. at 133, 616 A.2d at 15. [Appellant] further stated that Wiser, not he, threw Barcelona into the creek after apparently knocking him to the ground. *Id.*

*Commonwealth v. McMullen*, 545 Pa. 361, 364–365, 681 A.2d 717, 719 (1996).

---

**2.** An order **granting** a defendant pretrial *habeas* relief is immediately appealable by the Commonwealth since it terminates the prosecution. *See: Commonwealth v. Ortiz*, 704 A.2d 646, 647 (Pa.Super.1997), *allo. granted*, 551 Pa. 591, 712 A.2d 283 (1998); *Commonwealth v. Saunders*, 456 Pa.Super. 741, 691 A.2d 946, 948 (1997), *allo. denied*, 550 Pa. 703, 705 A.2d 1307 (1997).

However, an order denying a pretrial petition for writ of *habeas corpus* is not immediately appealable as of right. *See e.g.: Commonwealth v. Taylor*, 408 Pa.Super. 121, 596 A.2d 222, 224–225 (1991), *allo. denied*, 529 Pa. 648, 602 A.2d 859 (1992); *Commonwealth v. Scott*, 396 Pa.Super. 339, 578 A.2d 933, 941 (1990), *allo. denied*, 528 Pa. 629, 598 A.2d 283 (1991).

After making the aforementioned inculpatory statement, appellant was charged with criminal homicide[1] and burglary.[2] From December 5–8, 1990, appellant was tried before a jury and subsequently found guilty of murder of the second degree and burglary. Appellant filed post-sentence motions, which were denied by the trial court. He then appealed to the Superior Court.

On November 6, 1992, this Court vacated appellant's convictions for second-degree murder and burglary and remanded the case for a new trial. *See Commonwealth v. McMullen*, 420 Pa.Super. 130, 616 A.2d 14 (1992), *rev'd in part*, 545 Pa. 361, 681 A.2d 717 (1996). In doing so, we found that appellant's inculpatory statement was not corroborated by sufficient evidence to establish the corpus delicti for the homicide charge. Thereafter, the Commonwealth filed a petition for allowance of appeal, which was granted. On July 31, 1996, the Pennsylvania Supreme Court affirmed this Court's vacation of appellant's conviction for second-degree murder, but reversed the portion of our Order vacating appellant's conviction for burglary. *Commonwealth v. McMullen*, 545 Pa. 361, 681 A.2d 717 (1996). With regard to the sufficiency of the corroborating evidence, the Pennsylvania Supreme Court found "that the evidence simply does not indicate that [the victim's] death was more likely caused by criminal means than it was by an accident." *Id.* at 373, 681 A.2d at 723.

Following the Supreme Court's ruling, the Commonwealth sought to retry appellant on the homicide charge. Appellant's burglary conviction remained intact, but appellant already had served the maximum term of imprisonment.[3] Consequently, appellant remained in prison solely as a result of the homicide charge.

On January 2, 1997, appellant filed a motion to dismiss the Commonwealth's case on the basis of double jeopardy. However, the

Commonwealth cited a recently completed second autopsy as independent corroboration of appellant's inculpatory statement, and the trial court denied appellant's motion after determining that the Commonwealth possessed sufficient evidence to sustain a guilty verdict. Appellant thereafter filed notice of this appeal.

Before addressing the merits of appellant's appeal, I feel the need to reiterate the purpose of the corpus delicti doctrine and its effect on this case. "Under the corpus delicti rule, extra-judicial inculpatory statements of the accused may not be admitted into evidence unless [they are] corroborated by independent evidence that a crime actually occurred." *McMullen*, 545 Pa. at 368, 681 A.2d at 720. At trial, the Commonwealth relied on the first autopsy report as independent corroboration that a murder had taken place. However, the findings of the first autopsy report were consistent with an accidental death. As a result, the Pennsylvania Supreme Court found that the evidence did not establish the requisite corpus delicti or body of the crime.

Without independent corroboration, appellant's inculpatory statement should not have been admitted into evidence, and appellant now claims the double jeopardy clause bars retrial since the Commonwealth presented insufficient evidence to support his conviction.[4] Generally, the double jeopardy clause's prohibition against successive prosecutions "does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside ... because of some error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S.Ct. 285, 289, 102 L.Ed.2d 265, 272 (1988). However, "an appellate court's reversal for insufficiency of the evidence is in effect a determination that the government's case against the defendant was so lacking that the trial court should have

---

1. 18 Pa.C.S.A. § 2501.

2. *Id.,* § 3502.

3. For his burglary conviction, appellant received a sentence of from eleven (11) months to five (5) years' imprisonment. Since the sentence was computed from April 1, 1990, appellant had

served the maximum sentence as of April 1, 1995.

4. In the context of this case, there is no material difference between the protections afforded by the United States and Pennsylvania Constitutions.

entered a judgment of acquittal." *Id.*, 488 U.S. at 39, 109 S.Ct. at 290, 102 L.Ed.2d at 273. Consequently, the double jeopardy clause will bar retrial when a conviction is reversed "because of insufficiency of the evidence." *Commonwealth v. Green*, 370 Pa.Super. 343, 536 A.2d 436, 438 (1988). *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), established the principle that a new trial may be granted if the conviction was based on *procedural* error, which could be corrected by an error-free trial, whereas if the conviction was based on *insufficient evidence,* and the appellate court so found, the appellant was entitled to acquittal at the trial level and a retrial was impermissible as placing appellant in double jeopardy. The distinction made in *Burks*, and adopted in *Greene*, handed down by the United States Supreme Court on the same day, is that procedural error such as prosecutorial misconduct, incorrect instructions, incorrect receipt or rejection of evidence implicates the defendant's right to a fair trial free from error, whereas insufficient evidence goes to the essence of the proof of guilt and a conviction based on such evidence requires an acquittal. The prosecution cannot complain of prejudice for it has been given one fair opportunity to offer whatever proof it could assemble. Undoubtedly, in many cases of insufficient evidence resulting in acquittal, with greater opportunity to gather evidence, the proverbial second bite at the apple, the proof could be found to be sufficient.

In this case, appellant's conviction for second-degree murder was largely based on his inculpatory statement, and the Pennsylvania Supreme Court determined that this statement was inadmissible because it was not supported by sufficient corroborating evidence. I would find appellant's conviction for second degree murder could not be supported by new proof discovered through a second autopsy, as the only admissible evidence in a second trial would be the evidence available at the first trial. To avoid the pitfall of a double jeopardy ruling, it is necessary that the new conviction be based on the

same evidence available during the previous trial. Obviously, if the Commonwealth cannot present sufficient evidence to corroborate the occurrence of the murder, it cannot present sufficient evidence to support appellant's conviction for that murder, independent of the admission. Although the trial court found to the contrary, I believe it erroneously based its decision on the contents of the inculpatory statement itself, as well as the second autopsy report, which qualifies as new evidence or proof produced after the first trial.

In its Opinion, the trial court relies on *Lockhart, supra*, for the proposition that a court must consider both admissible and inadmissible evidence in determining whether the prosecution presented sufficient evidence to sustain a guilty verdict. While this interpretation of *Lockhart* is not necessarily incorrect, *Lockhart* is nevertheless factually dissimilar from the instant action. *Lockhart* involved a defendant with numerous prior convictions, whose sentence was enhanced because of a particular conviction, inadmissible because of a pardon. The United States Supreme Court held that the double jeopardy clause did not bar resentencing since the prosecution could have presented sufficient support for the defendant's enhanced sentence by simply providing evidence of another prior conviction which was available initially to the court in *Lockhart*.[5] In contrast, this case does not involve a situation in which the prosecution is merely substituting admissible evidence for that which was inadmissible. *See Hull v. State*, 607 So.2d 369, 378–79 (Ala.Crim.App.1992) (distinguishing *Lockhart* on the basis that the *Lockhart* prosecution had evidence to spare and, on resentencing, was able to substitute admissible for inadmissible evidence). Rather, the prosecution is attempting to circumvent the corpus delicti rule by reviving the appellant's inculpatory statement found to be inadmissible by offering proof of the corpus delicti not available at the time of the first trial.

Unlike the prosecution in *Lockhart*, the Commonwealth has failed to produce any

**5.** The court assumed, without deciding, that the double jeopardy clause limits the state's power to

subject a defendant to successive, noncapital sentencing proceedings.

evidence available at the original trial, which would serve as a substitute for appellant's inculpatory statement. The Commonwealth instead seeks to admit appellant's inculpatory statement into evidence on the basis of additional corroboration (new evidence), i.e., a second autopsy report. Although the second report does indicate that a murder occurred, it cannot constitute sufficient evidence for the purpose of permitting retrial since it simply did not exist at the time of appellant's trial.

"[T]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Tibbs v. Florida*, 457 U.S. 31, 41, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652, 661 (1982). In the instant case, the prosecution is attempting to do this very thing. Shortly after the victim's body was found, it was autopsied. The examination did not yield the results hoped for by the prosecution, but the prosecution did not bother to have the body reexamined prior to trial. Instead, the prosecution waited until long afterward when the appellant had succeeded on appeal. While the prosecution now argues that it possesses sufficient evidence to support appellant's conviction, it ignores the fact that this evidence was only obtained after the appellant's original trial.

I believe this case clearly presents a situation in which the Commonwealth is violating the principles of the double jeopardy clause by successive attempts at conviction. At appellant's trial, the Commonwealth failed to produce sufficient evidence to support appellant's conviction. Since then, the Commonwealth has exhumed the victim's body and attempted to perfect its evidence by obtaining a more favorable autopsy report. The prosecution claims that it should have a fair chance to present its evidence, however, the Commonwealth has already had its opportunity and I would find the opportunity is now lost.

I would vacate the Order of the trial court and discharge appellant.