J-S12033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,

Appellant,

v.

JASON A. DAY,

Appellee

: IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
:
:
:
:
:
:
: No. 2198 EDA 2015

Appeal from the Judgment of Sentence June 18, 2015,
in the Court of Common Pleas of Wayne County,
Criminal Division, at No(s): CP-64-CR-0000318-2014

BEFORE:  MUNDY, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 22, 2016**

Jason A. Day (Appellant) appeals from the judgment of sentence imposed on June 18, 2015, following his convictions for driving under the influence of alcohol (DUI), homicide by vehicle while DUI, accident resulting in death, driving on roadways laned for traffic, careless driving, duty to give information and render aid, and immediate notice of accident to police department - injury or death.[1]  We affirm.

The certified record reveals the following facts.  Between 8:30 and 8:40 on the evening of May 16, 2014, Pennsylvania State Trooper Keith Brislin was dispatched to State Route 191 and Winterdale Road to

_____

* Senior Judge assigned to the Superior Court.

[1] Appellant was also charged with one count of homicide by vehicle, which was *nolle prossed* by the Commonwealth prior to trial.

investigate a hit and run accident involving a pedestrian. The victim, Zachary Possemato, died of his injuries.

The surveillance system of a nearby bar recorded the incident. This video was reviewed by police and a "be on the lookout" report (BOLO) was issued for a white pickup truck. As a result of the BOLO, Appellant was identified as a potential suspect. On the morning of May 17, 2014, Appellant turned himself in to the Honesdale State Police barracks.

Appellant gave a statement to officers that, between the hours of 6:00 pm and 8:00 pm on the night of the accident, he had consumed four 16-ounce cans of Busch Light beer. While driving home, he was looking to the side to see if a friend was home when he struck what he thought was a deer. Appellant continued driving but turned himself in to state police the following day once he learned that a pedestrian had been hit and killed. A blood test taken on May 17, 2014, approximately 16 hours after the incident, revealed that Appellant had a blood alcohol content (BAC) of 0.0%.

On July 30, 2014, at the preliminary hearing in this matter, the Commonwealth presented the testimony of Trooper Brislin, as well as that of three men who had been with Appellant prior to the incident, a young boy who had been walking with the victim, Appellant's step-father, and Corporal Michael Joyce. The Commonwealth submitted as evidence the video obtained from the bar, as well as information obtained from the event data recorder in Appellant's vehicle and a forensic accident report completed by

Corporal Joyce. After the preliminary hearing, all charges were bound over for court.

On February 3, 2015, Appellant, through counsel, filed an omnibus pre-trial motion, which included, *inter alia*, a motion for *habeas corpus* relief in which he alleged that the Commonwealth had failed to sustain its burden at the preliminary hearing of proving a *prima facie* case with respect to the charges of DUI and homicide by vehicle while DUI. Further, Appellant sought the suppression of the evidence obtained from his cellular phone.[2] On April 1, 2015, following a hearing,[3] the trial court denied Appellant's motion for *habeas corpus*, his motion to suppress, his motion to sever, and his motion for individual *voir dire*, and reserved until trial Appellant's motion to exclude the testimony of the Commonwealth's expert witness.

On May 13, 2015, following a jury trial, Appellant was convicted of the aforementioned charges. On June 18, 2015, he was sentenced to an aggregate term of five to 14 years' incarceration. This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review.

Whether the trial court erred in refusing to suppress the evidence relating to [] Appellant's cell phone records which

---

[2] Appellant's motion also included arguments challenging the methodology utilized by the Commonwealth to calculate his BAC, a motion to sever counts, and a motion for individual *voir dire*. Appellant has not challenged the trial court's rulings as to those issues on appeal.

[3] The record before us does not make clear on what date the omnibus pre-trial motion hearing was held.

evidence was obtained by a search warrant that was a general investigating warrant[], over broad and violative of the speech clause of the state and federal constitutions?

Whether the trial court erred in refusing to dismiss the charges of [DUI] and homicide by vehicle while [DUI] when the Commonwealth failed to show a *prima facie* case based on the testimony of the Commonwealth's expert witness, and the lack of evidence regarding [] Appellant's demeanor?

Appellant's Brief at 6.

Both of Appellant's challenges on appeal relate to the trial court's rulings on his omnibus pre-trial motions. Appellant first argues that the search warrant authorized herein was general, overbroad, and failed to state with particularity facts and circumstances which would "establish the probability that any contraband or evidence of a crime would be found within Appellant's text messages." Appellant's Brief at 15. In reviewing the trial court's suppression ruling with regard to the search warrant issued in this matter, we are guided by the following principles.

The standard and scope of review for a challenge to the denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the rulings of a suppression court, [the appellate court] considers only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. When the record supports the findings of the suppression court, [the court is] bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Johnson*, 33 A.3d 122, 125-26 (Pa. Super. 2011) (internal quotation marks, citations, and footnote omitted).

- 4 -

Pennsylvania Rule of Criminal Procedure 201 provides that "[a] search warrant may be issued to search for and to seize […] property that constitutes evidence of the commission of a criminal offense." However,

Article I, Section 8 of the Pennsylvania Constitution provides, in pertinent part: [N]o warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause.... [Moreover, u]nder the Fourth Amendment to the United States Constitution, no Warrants shall issue, but upon probable cause ... and particularly describing the place to be searched and the person or things to be seized.]

This Court has explained:

It is a fundamental rule of law that a warrant must name or describe with particularity the property to be seized and the person or place to be searched.... The particularity requirement prohibits a warrant that is not particular enough and a warrant that is overbroad. These are two separate, though related, issues. A warrant unconstitutional for its lack of particularity authorizes a search in terms so ambiguous as to allow the executing officers to pick and choose among an individual's possessions to find which items to seize. This will result in the general "rummaging" banned by the [F]ourth [A]mendment. A warrant unconstitutional for its overbreadth authorizes in clear or specific terms the seizure of an entire set of items, or documents, many of which will prove unrelated to the crime under investigation ... An overbroad warrant is unconstitutional because it authorizes a general search and seizure.

* * *

The language of the Pennsylvania Constitution requires that a warrant describe the items to be seized as nearly as may be.... The clear meaning of the language is that a warrant must describe the items as specifically as is reasonably possible. This requirement is more stringent than that of the

- 5 -

Fourth Amendment, which merely requires particularity in the description. The Pennsylvania Constitution further requires the description to be as particular as is reasonably possible.... Consequently, in any assessment of the validity of the description contained in a warrant, a court must initially determine for what items probable cause existed. The sufficiency of the description must then be measured against those items for which there was probable cause. Any unreasonable discrepancy between the items for which there was probable cause and the description in the warrant requires suppression. An unreasonable discrepancy reveals that the description was not as specific as was reasonably possible.

Because the particularity requirement in Article I, Section 8 is more stringent than in the Fourth Amendment, if the warrant is satisfactory under the Pennsylvania Constitution it will also be satisfactory under the federal Constitution.

Furthermore, the Pennsylvania Supreme Court has instructed that search warrants should be read in a common sense fashion and should not be invalidated by hypertechnical interpretations. This may mean, for instance, that when an exact description of a particular item is not possible, a generic description will suffice.

*Commonwealth v. Orie*, 88 A.3d 983, 1002-03 (Pa. Super. 2014) (internal quotation marks, citations and footnote omitted).

The record belies Appellant's contentions. As the trial court explained,

In the present case, Trooper Brislin requested information from an AT&T Wireless cellular telephone, including but not limited to name, subscriber information, address, phone number, text messages and incoming and outgoing historical call detail including GPS or tower information for May 16, 2014 (the day of the incident) through May 17, 2014 (the day [Appellant] spoke with police). [Appellant] told police that he was in possession of the cellular phone at the time of the crash. Based on this information, Trooper Brislin stated that the information may assist the investigation in determining whether [Appellant's] cell phone was in use at the time of the incident, and it may also

assist the investigation in determining [Appellant's] communications and locations following the crash.

Viewing the evidence offered to establish probable cause in a common-sense manner, it appears, based on [Appellant's] possession of the cellular phone at the time of the crash, that the information from the cellular phone […] would aid as an investigative tool. The evidence seized from the cellular phone, therefore, shall not be suppressed.

Trial Court Opinion, 4/1/2015, at 5.

The trial court's findings are supported by the record. Appellant admitted that he had his cellular phone with him the night of the incident, but denied using it at the time he struck the victim. Cognizant of this admission, the warrant at issue states with particularity the item to be searched, specifically the text messages and incoming and outgoing call data unique to Appellant's cellular phone. Moreover, far from being overbroad, the warrant was specifically limited to a request for records during a 24-hour period before and after the incident. Contrary to Appellant's argument, the terms included in the warrant are not so ambiguous as to result in a fishing expedition, nor does the warrant authorize a general search and seizure. Rather, the warrant is limited to seize evidence necessary to determine the validity of Appellant's claim that he was not using his phone at the time of the incident, and to track his communications and location following the hit-and-run crash. Accordingly, we discern no error or abuse of discretion by the trial court in denying Appellant relief on this claim.

Appellant next claims that the trial court erred in denying his motion for *habeas corpus* relief. Appellant's Brief at 18-31. We note at the outset that, procedurally, Appellant's challenge on appeal to the Commonwealth's establishment of a *prima facie* case at the *habeas corpus* hearing is moot. It is well-established that an accused may challenge the sufficiency of the Commonwealth's evidence at the pre-trial stage through a petition for a writ of *habeas corpus*. **Commonwealth v. Hetherington**, 331 A.2d 205 (Pa. 1975). "An order granting a defendant pretrial habeas relief is immediately appealable by the Commonwealth since it terminates the prosecution. However, an order denying a pretrial petition for writ of *habeas corpus* is not immediately appealable as of right." **Commonwealth v. McMullen**, 721 A.2d 370, 372 n.2 (Pa. Super. 1998) (citations omitted). Rather,

> appellant must, at least, immediately petition this [C]ourt for review of the denial of his petition for writ of *habeas corpus*, based on the insufficiency of evidence presented at the preliminary hearing. Even then, it is doubtful that this [C]ourt will grant review. Appellant may have to further petition the [S]upreme [C]ourt for review.

**Commonwealth v. Taylor**, 596 A.2d 222, 225 (Pa. Super. 1991). Furthermore, as is the case with regard to a preliminary hearing, it is apparent the failure to establish a *prima facie* case at a *habeas corpus* hearing is immaterial when at the trial the Commonwealth satisfies its burden by proving the offense beyond a reasonable doubt. **Commonwealth v. Ricker**, 120 A.3d 349, 353 (Pa. Super. 2015) (citation omitted) (holding that "errors at a preliminary hearing regarding the sufficiency of the

evidence are considered harmless if the defendant is found guilty at trial");

*see also Commonwealth v. Troop*, 571 A.2d 1084 (Pa. Super. 1990) (noting that once a defendant has been convicted at trial, any defect in the preliminary hearing has been satisfied). Here, Appellant failed to petition this Court for review of the denial of his writ of *habeas corpus*. Instead, he proceeded to trial where the Commonwealth presented additional evidence and the jury determined that the evidence was sufficient to convict him of all charges. Therefore, any defect at the time of the *habeas corpus* hearing was cured at trial.

Judgment of sentence affirmed.

Judgment Entered.

_____
JosephD.Seletyn,Esq.
Prothonotary

Date: 3/22/2016