J-S47006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KIM MCMULLEN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SUPERINTENDENT, SCI SOMERSET | |
| Appellant | No. 690 MDA 2020 |

Appeal from the Order Entered January 30, 2020
In the Court of Common Pleas of Huntingdon County
Civil Division at No: 2019-00759, CP-31-CR-0000150-1990

BEFORE:  STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 01, 2021**

Appellant, Kim McMullen, appeals *pro se* from the January 30, 2020 order dismissing his petition for a writ of *habeas corpus*.  We affirm.

On February 19, 1999, Appellant was sentenced to life in prison for second-degree murder (18 Pa.C.S.A. § 2502(b)) after a retrial.[1]  This Court

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] This case has a lengthy procedural history, including two trials and several published opinions listed here in chronological order.  ***Commonwealth v. McMullen***, 681 A.2d 717 (Pa. 1996); ***Commonwealth v. McMullen***, 721 A.2d 370 (Pa. Super. 1998) (appeal after remand); ***Commonwealth v. McMullen***, 745 A.2d 683 (Pa. Super. 2000), ***appeal denied***, 761 A.2d 549 (Pa. 2000).  Appellant's petition for a writ of *habeas corpus* in federal court did not succeed. ***McMullen v. Tennis***, 2006 WL 3437314 (M.D.Pa. November 29, 2006), ***affirmed***, 562 F.3d 231 (3d Cr. 2009), ***cert. denied***, 558 U.S. 833 (2009).

affirmed the judgment of sentence on February 14, 2000. The PCRA[2] court denied relief on Appellant's timely first PCRA petition on February 20, 2004. This Court affirmed the PCRA court's order on January 13, 2005.

The instant appeal arises from the trial court's denial of Appellant's May 17, 2019 petition for a writ of *habeas corpus*, later withdrawn and amended with leave of court as of November 7, 2019. The trial court denied relief, finding that PCRA subsumed both of Appellant's claims, those being ineffective assistance of counsel and a double jeopardy violation. Memorandum and Order, 2/3/20, at 1-2. Appellant claims the PCRA did not provide him a meaningful opportunity for review of his claims, and that the trial court erred in dismissing his petition as a time-barred PCRA petition. He does not assert any basis upon which his petition could overcome the PCRA's jurisdictional time bar.[3]

Appellant's argument presents a question of law for which we review the court's legal conclusions *de novo*. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). Unless the PCRA cannot provide a remedy, it subsumes the

---

[2] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-45.

[3] A petitioner must file a PCRA petition within one year of the finality of the judgment of sentence, or else plead and prove the applicability of an exception to the one-year time bar. 42 Pa.C.S.A. § 9545(a), (b). On September 27, 2000, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal from his current judgment of sentence. Appellant does not contend that the instant petition, if construed as a PCRA petition, meets the one-year time bar or any exception thereto.

writ of *habeas corpus*. **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013). Appellant, in his short, handwritten *pro se*[4] brief, relies on **Boumediene v. Bush**, 553 U.S. 723 (2008), in which the United States Supreme Court considered the constitutionality of a law denying the writ of *habeas corpus* to aliens, deemed to be enemy combatants, who were detained in Guantanamo Bay, Cuba. Under the circumstances there involved, the Supreme Court concluded that the Suspension Clause of the United States Constitution[5] did not permit suspension of the writ without an adequate substitute.

**Boumediene** has no application here. Nothing in the PCRA deprived Appellant of the opportunity to present the claims he seeks to raise here. The PCRA does not suspend the writ of *habeas corpus*, it simply subsumes the writ to the extent that the relief sought under a writ is available under the PCRA, as it is for ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). To the extent the PCRA precludes Appellant's double jeopardy claim, it does so only because Appellant litigated that issue on direct review both before and after his second trial.[6] **See** 42 Pa.C.S.A. §§ 9543(a)(3)(prohibiting PCRA relief

---

[4] Appellant litigated a prior PCRA petition and therefore had no statutory right to counsel under Pa.R.Crim.P. 904(C).

[5] "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. art. I, § 9, cl. 2.

[6] Appellant's Brief does not address the particulars of his double jeopardy argument.

for previously litigated claims) and 9544(a)(2) (explaining that a claim is previously litigated if it has been decided by the highest court in which the petitioner could have had review as of right); *see also McMullen*, 721 A.2d at 371-72; *McMullen*, 745 A.2d at 688-89. Indeed, this Court rejected Appellant's double jeopardy argument pursuant to § 9543(a)(3) and § 9544(a)(2) on review of Appellant's previous PCRA petition. *See Commonwealth v. McMullen*, 389 MDA 2005 (Pa. Super. January 13, 2005) (unpublished memorandum at 6).

In summary, Appellant has had a full opportunity to litigate his claims, and he has failed to establish that the PCRA deprived him of any relief otherwise available under writ of *habeas corpus*. Furthermore, a petitioner cannot rely on a writ of *habeas corpus* to revive a claim that is otherwise time-barred under the PCRA. *Commonwealth v. Dickerson*, 900 A.2d 407, 412 (Pa. Super. 2006), *appeal denied*, 911 A.2d 933 (Pa. 2006).

Based on the foregoing, we affirm the trial court's order.

Order affirmed.

Judge Strassburger joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/01/2021