J-S08045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KIM LEE MCMULLEN | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| KIM MCMULLEN | : | |
| | : | |
| Appellant | : | |
| | : | No. 1269 MDA 2021 |
| v. | : | |
| | : | |
| JOHN E. WETZEL, SECRETARY OF | : | |
| CORRECTIONS | : | |

Appeal from the PCRA Order Entered September 17, 2021
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): 2021-00907, CP-31-CR-0000150-1990

BEFORE:   BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED:  MARCH 15, 2022**

Kim Lee McMullen (Appellant) appeals *pro se* from the order entered in the Huntingdon County Court of Common Pleas, dismissing his petition for a writ of *habeas corpus*.  Appellant seeks relief from his 1999 jury conviction of murder in the second degree.[1]  The court construed his petition as a serial

---

[1] 18 Pa.C.S. § 2502(b).

Post Conviction Relief Act[2] (PCRA) petition, and dismissed it as untimely filed. We affirm.

## I. Prior Procedural History

The PCRA court observed: the underlying petition is "the latest salvo[ ] in [Appellant's] decades-long battle to convince a court . . . to disregard the concept of finality of judgment and allow him to . . . relitigate claims he believes will . . . overcome his conviction for second-degree murder." PCRA Ct. Op., 9/17/21, at 1-2. This matter has generated at least four appeals before this Court, as well as petitions for relief in the Pennsylvania Supreme and Commonwealth Courts and the federal courts.

On December 8, 1990, Appellant was found guilty by a jury of second-degree murder and burglary.[3] On direct appeal, his burglary conviction was upheld but his second-degree murder conviction was vacated and remanded for a new trial. **Commonwealth v. McMullen**, 681 A.2d 717 (Pa. 1996).[4] Appellant then filed a motion to dismiss the homicide charge on double jeopardy grounds. The trial court denied this motion, and this Court affirmed. **Commonwealth v. McMullen**, 721 A.2d 370 (Pa. Super. 1998).

---

[2] 42 Pa.C.S. §§ 9541-9546.

[3] 18 Pa.C.S. § 3502.

[4] The Pennsylvania Supreme Court affirmed in part and reversed in part this Court's decision, which was published at **Commonwealth v. McMullen**, 616 A.2d 14 (Pa. Super. 1992).

On February 19, 1999, following a second jury trial, Appellant was again found guilty of second-degree murder. He received a sentence of life imprisonment. Appellant took a direct appeal, again raising a double jeopardy claim. This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on September 27, 2000. *Commonwealth v. McMullen*, 745 A.2d 683 (Pa. Super. Feb. 14, 2000), *appeal denied*, 187 MDA 2000 (Pa. Sept. 27, 2000).

Appellant filed a timely, first PCRA petition on November 27, 2000, again raising a double jeopardy argument, as well as claims of trial counsel's ineffective assistance. Following an evidentiary hearing, the PCRA court denied relief. This Court affirmed on appeal. *Commonwealth v. McMullen*, 389 MDA 2004 (unpub. memo.) (Pa. Super. Jan. 13, 2005), *appeal denied*, 125 MAL 2005 (Pa. Nov. 23, 2005).[5]

_____

[5] Subsequently, Appellant filed petitions for writ of *habeas corpus* in federal court, which were unsuccessful. *See In re McMullen*, 559 U.S. 1091 (2010); *McMullen v. Tennis*, 2006 WL 3437314 (M.D.Pa. Nov. 29, 2006), *aff'd*, 562 F.3d 231 (3d Cir. 2009), *cert. denied*, 558 U.S. 833 (2009).

In June of 2017, Appellant sought, in the Pennsylvania Commonwealth Court, "an order authorizing him to file a petition for writ of *habeas corpus* in the trial court to raise issues that fall outside the PCRA." *McMullen v. Commonwealth*, 263 MD 2017 (order) (Pa. Cmwlth. Jul. 19, 2017), *aff'd*, 46 MAP 2017 (order) (Pa. Apr. 26, 2018). The Court denied the petition.

Finally, we note that on March 29, 2021, the Pennsylvania Supreme Court denied a petition filed by Appellant for a writ of mandamus. *McMullen v. Hungtindon Court of Common Pleas*, 178 MM 2020 (order) (Pa. Mar. 9, 2021).

Fourteen years later, on May 17, 2019, Appellant filed a petition for a writ of *habeas corpus*, raising claims of ineffective assistance of counsel and a double jeopardy violation. The trial court found the PCRA subsumed these claims, and dismissed the petition as time-barred. Appellant appealed to this Court, arguing "the PCRA did not provide him a meaningful opportunity for review of his claims." **McMullen v. Superintendent, SCI Somerset**, 690 MDA 2020 (unpub. memo. at 2) (Pa. Super. Mar. 1, 2021). This Court affirmed, concluding Appellant cannot "rely on a writ of *habeas corpus* to revive a claim that is otherwise time-barred under the PCRA," and furthermore that "Appellant has had a full opportunity to litigate his claims." **Id.** at 4.

## II. Petitions for *Habeas corpus*

On July 1, 2021, Appellant filed a petition for a writ of *habeas corpus*, at trial docket CP-31-CV-866-2021, with the caption, **McMullen v. Secretary of Corrections**. The PCRA court referred to this petition as the "866 Petition." PCRA Ct. Op., 9/17/21, at 1. This petition did not refer to any facts or issues specific to his case, but rather presented a general question of law: whether the Pennsylvania courts' "interpretation" — that the PCRA's time limits are jurisdictional in nature — violates due process. Appellant also argued that the PCRA time limits abridge a defendant's right to PCRA counsel.

Five weeks later, on August 9, 2021, Appellant filed a second petition for a writ of *habeas corpus*, which was docketed at CP-31-CV-907-2021, with the caption **McMullen v. John E. Wetzel, Secretary of Corrections**. The

PCRA court referred to this petition as the "907 Petition." PCRA Ct. Op., 9/17/21, at 1. This petition raised the same challenges to the PCRA's time limits. It further averred:

> [T]rial counsel's unreasonable and prejudicial inactions[,] to present the Superior Court with well documented argument and case law that forbids any person acting as judge and prosecutor [sic], caused the **structural error** to be waived.
>
> And in light of the facts that, (1) the **pretrial structural error issue** was the sole reason a second prosecution occurred; (2) the PCRA was [Appellant's] first opportunity of right to pursue reinstatement of the constitutional right to effective assistance of counsel waived during direct review [sic] . . . .
>
> . . . [W]hen PCRA counsel failed within a 38 month period to raise trial counsel's ineffectiveness with respect to **the underlying structural error** to avoid the claim being waived again while the initial PCRA was pending at the trial court level, [Appellant] asserts he was entitled to file a serial petition under the statutory right to challenge the effectiveness of collateral counsel, notwithstanding any judicial interpretation of the PCRA to the contrary.

Appellant's Writ of *Habeas Corpus*, 8/9/21, at 4-5 (paragraph break and emphases added). Appellant provided no explanation of what the "structural error" was, nor identified what actions by which prior attorney constituted ineffective assistance.[6] *See Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015) ("[To] overcome [the presumption that counsel is effective,] a PCRA petitioner must plead and prove that: (1) the legal claim underlying the

---

[6] The PCRA court explained that Appellant was represented by four different attorneys between his arraignment in 1990 and his first PCRA petition in 2005. PCRA Ct. Op., 11/30/21, at 3.

ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner."). Neither petition pleaded any PCRA timeliness exception. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

On September 17, 2021, the PCRA court issued the underlying order, along with an opinion. First, it found both of Appellant's petitions fell "squarely within the scope" of the PCRA. PCRA Ct. Op., 9/17/21, at 2. The court also found the petitions "make the same basic argument" and thus, in the interest of judicial economy, transferred both petitions to Appellant's criminal docket, CP-31-CR-150-1990 (Docket 150-1990). *Id.* Nevertheless, the court also granted Appellant's petition, filed in the interim, to withdraw the 866 Petition.

The PCRA court then concluded Appellant's 907 Petition was untimely under the PCRA's timeliness requirements. The court "summarily" dismissed the petition under Pa.R.Crim.P. 907(1), without 20 days' notice, finding the petition was duplicative or derivative of prior claims, which have been addressed and dismissed by the courts "on multiple occasions." Order, 9/17/21, at 2. *See* Pa.R.Crim.P. 907(1), *cmt.* (PCRA court may summarily dismiss a petition in certain limited cases: (1) if it determines the petition is patently frivolous and without record support, or the facts alleged would not, even if proven, entitle the defendant to relief; or (2) if the court determines

that a previous petition involving the same issue was determined adversely to the defendant).

### III.  Notice of Appeal & *Walker*

We note the PCRA court's order listed all three docket numbers: 866, 907, and 150-1990.  Appellant filed one timely notice of appeal, which listed the 907 and 150-1990 docket numbers.[7]

Upon initial review, this Court issued a *per curiam* rule on Appellant to show cause why this appeal should not be quashed pursuant to **Walker**.  **See Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) ("[W]here a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."), *overruled in part*, **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. Dec. 22, 2021) (reaffirming that Pa.R.A.P. 341 requires separate notices of appeal when single order resolves issues under more than one docket, but holding Pa.R.A.P. 902 permits appellate court to consider appellant's request to remediate error when notice of appeal is timely filed).  Appellant filed a response, and this Court discharged the rule, but referred this **Walker** issue to the merits panel.

Upon review, we decline to quash under **Walker**.  Although the PCRA court's order listed two docket numbers, we reiterate that the same order also

---

[7] The PCRA court did not require a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

stated that Appellant's two petitions — 866 and 907 — are transferred to the criminal docket, Docket 150-1990. PCRA Ct. Op., 9/17/21, at 2, 10. Accordingly, we deem the extraneous docket number (907), in the court's caption, was merely a typographical error. We emphasize there was in fact no order entered at Docket 907, as the PCRA court had specified the 907 Petition was transferred to the criminal docket. *See id.*[8]

### IV. Dismissal of Appellant's Petition under the PCRA

In his *pro se* brief, Appellant raises the following issues:

1. Did the trial court err as a matter of law when it dismissed [A]ppellant's lawsuit on the grounds of untimeliness without recognizing that [he] enjoyed a statutory right to challenge the ineffectiveness of collateral counsel?

2. Did the trial court err when it departed from the standard of fairness, right and justice when it failed to acknowledge the *Lawson*[9] miscarriage of justice standard for enforcing the right to challenge the effectiveness of collateral counsel?

3. Should this Honorable Court acknowledge that [A]ppellant should have been afforded a "Notice Order" regarding substantial

---

[8] *See Commonwealth v. Larkin*, 235 A.3d 350, 354 (Pa. Super. 2020) ("[W]e may overlook the requirements of *Walker* where, as here, a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights.").

[9] *See Commonwealth v. Lawson*, 549 A.2d 107 (Pa. 1988). *Lawson* held that a second post-conviction petition could be entertained upon "a strong *prima facie* showing . . . that a miscarriage of justice may have occurred." *Id.* at 112. However, *Lawson* predated the 1995 amendments to the PCRA, which added the jurisdictional time bar. Accordingly, *Lawson* is no longer binding authority.

contradictions between common law right to counsel and the timeliness pitfall of **Com. v. Banks**[10?]

4. Should this Honorable Court acknowledge that the government has interfered with [A]ppellant's enforceable right to challenge the ineffectiveness of collateral counsel?

Appellant's Brief at 6 (unpaginated).[11]

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Mason**, 130 A.3d at 617 (citations omitted). We address Appellant's various arguments *seriatim*.

First, Appellant asserts the PCRA's jurisdictional time bar abridges both due process and a defendant's right to PCRA counsel. However, the Pennsylvania Supreme Court has rejected similar claims:

[I]n the context of the jurisdictional timeliness restrictions on the right to bring a PCRA petition, **see** 42 Pa.C.S. § 9545(b), the constitutional nature of a collateral claim does not overcome the legislature's restrictions on collateral review. **See** . . . **Commonwealth v. Peterkin**, . . . 722 A.2d 638, 643 n.5 (Pa. 1998) (rejecting an attack on the PCRA's time restrictions on due process grounds despite the constitutional nature of the claim).

---

[10] Appellant provides no citation for this "**Com. v Banks**" case; it appears he may be referring to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), discussed **infra**. In any event, he suggests a procedure whereby a court would issue, either before or after the dismissal of a PCRA petition, "a Notice Order," informing a petitioner of their right at that time to challenge PCRA counsel's ineffectiveness. Appellant's Brief at 16 (unpaginated). Appellant refers to a "notice order" several times in this context. **See id.** at 16, 17. We point out he does not raise any challenge to the PCRA court's dismissal of his petition without 20 days' notice. **See** Pa.R.Crim.P. 907.

[11] We deem the cover page of Appellant's brief as "page 1."

*Commonwealth v. Turner*, 80 A.3d 754, 767 (Pa. 2013) (some citations omitted). "While a PCRA petitioner does not have a Sixth Amendment right to assistance of counsel during collateral review, this Commonwealth, by way of procedural rule, provides for the appointment of counsel during a prisoner's first petition for post conviction relief. Pa.R.Crim.P. 904[.]" *Commonwealth v. Haag*, 809 A.2d 271, 282 (Pa. 2002) (some citations omitted).

Next, we do not disturb the PCRA court's finding that Appellant's instant 907 Petition falls under the ambit of the PCRA. As this Court stated in Appellant's prior PCRA appeal, "[u]nless the PCRA cannot provide a remedy, it subsumes the writ of *habeas corpus*. *Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013)." *McMullen*, 690 MDA 2020 (unpub. memo. at 2-3). "Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." *Taylor*, 65 A.3d at 466 (footnote omitted).

Furthermore, we agree with the PCRA court that Appellant's petition is untimely under the PCRA filing requirements.[12] As stated above, the petition

_____

[12] On direct appeal following Appellant's retrial second-degree murder conviction, the Pennsylvania Supreme Court denied allowance of appeal on September 27, 2000. For PCRA purposes, Appellant's judgment of sentence became final 90 days thereafter, on December 26, 2000, when the time for seeking *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R.13. Appellant then generally had one year, or until December 26, 2001, to file a PCRA petition. *See* 42 Pa.C.S.
*(Footnote Continued Next Page)*

did not invoke any timeliness exception, nor plead any facts or claims from which we may construe a timeliness exception. Although the petition made several vague references to a "structural error," it did not explain what this "structural error" was, nor what action by trial or direct appeal counsel allegedly deprived him of effective assistance. *See* Appellant's Writ of *Habeas Corpus* at 4-5. To the extent the structural error related to his double jeopardy claim, that issue has been addressed by the trial court and this Court multiple times. *See* 42 Pa.C.S.A. §§ 9543(a)(3) (prohibiting PCRA relief for previously litigated claims), 9544(a)(2) (a claim is previously litigated if it has been decided by the highest court in which the petitioner could have had review as of right).

Finally, we note Appellant's brief addresses new issues not included in his 907 Petition. *See, e.g.*, Appellant's Brief at 14 (addressing Section 9545(b)(1) & (4)), 20 (Commonwealth and trial court colluded when, prior to second jury trial, Commonwealth filed a petition for exhumation of the victim's body, but did not serve Appellant with the petition until after the autopsy). These issues are waived for our review. *See Commonwealth v. Bedell*, 954 A.2d 1209, 1216 (Pa. Super. 2008) (claims not raised in PCRA court are waived and cannot be raised for first time on appeal).

_____

§ 9545(b)(1). Appellant filed the instant petition for a writ of *habeas corpus* 19 years thereafter, on August 9, 2021.

- 11 -

## V. *Bradley*

At this juncture, we address the Pennsylvania Supreme Court's October 2021 decision in *Bradley*, which was issued after Appellant filed the notice of appeal. Both the PCRA court's Pa.R.A.P. 1925(a) opinion and Appellant's appellate brief address *Bradley*. In *Bradley*, the Court concluded: "[A] PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Bradley*, 261 A.3d at 401 (footnote omitted).

Although "a new rule of constitutional law is generally retrospectively applicable . . . to cases pending on direct appellate review[,]" "a new constitutional rule of criminal procedure [generally] does not apply . . . to convictions that were final when the new rule was announced." *Commonwealth v. Washington*, 142 A.3d 810, 813 (Pa. 2016) (citations omitted). As the present appeal lies from the denial of PCRA relief, rather than from the judgment of sentence, *Bradley* is not applicable. *See id.*

In any event, we note *Bradley* would not apply to the facts presented. The Pennsylvania Supreme Court "granted allocatur to consider whether the current process for the enforcement of the right to effective counsel in a **first** PCRA proceeding is adequate[.]" *Bradley*, 261 A.3d at 386 (emphasis added). As the PCRA pointed out, *Bradley* "did not hold that claims of ineffective assistance of PCRA counsel are excluded from the PCRA's time bar,

as had been advocated by" the **Bradley** defendant. **See** PCRA Ct. Op., 11/30/21, at 5-6 (footnote omitted). We agree. As we have addressed above, the instant petition was untimely filed.

Furthermore, Appellant misconstrues **Bradley**. He avers **Bradley** "acknowledged another approach, not applicable to the facts of **Bradley** [sic], for the enforcement of the right to challenge the ineffectiveness of PCRA counsel." Appellant's Brief at 15. He avers "the **Bradley** Court left open a door for [him] to raise the controversy [sic]." **Id.** at 15. "Appellant argues he should have been provided an opportunity to challenge the ineffectiveness of PCRA counsel at the earliest possible point, which in this case would have been after the Supreme Court denied allowance of appeal," following the Superior Court's 2005 direct appeal affirmance for his retrial conviction. **Id.** at 16.

In **Bradley**, the defendant, represented by PCRA counsel, filed a timely PCRA petition. **Bradley**, 261 A.3d at 384. On appeal from the denial of that petition, the defendant sought to raise a claim that his PCRA counsel was ineffective. **Id.** at 385. The Supreme Court addressed whether a petitioner could, at this stage of the proceedings, bring a claim of PCRA counsel's ineffectiveness. **Id.** at 401 (footnote omitted).

Here, Appellant's underlying petition was filed *pro se*. He is not presently raising a new claim, on appeal, that the attorney who filed the petition rendered ineffective assistance — there was no such attorney.

Accordingly, **Bradley** is not applicable. Furthermore, to the extent Appellant avers prior PCRA counsel was ineffective — 20 years ago, for his first PCRA petition — Appellant presents no discussion: (1) why he could not previously raise that counsel's ineffectiveness; and again (2) what conduct constituted ineffective assistance. **See Mason**, 130 A.3d at 618 (listing three prongs of an ineffectiveness claim).

### VI. Conclusion

For the foregoing reasons, we conclude the PCRA court did not abuse its discretion in dismissing Appellant's petition for a writ of *habeas corpus* as untimely filed under the PCRA timeliness requirements. **See** 42 Pa.C.S. § 9545(b)(1); **Mason**, 130 A.3d at 617.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/15/2022