J-S36039-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE ROBERT STIEFEL, | : | |
| | : | |
| Appellant | : | No. 30 WDA 2015 |

Appeal from the Order Entered December 16, 2014
in the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001519-2010

BEFORE: PANELLA, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 21, 2015**

Lawrence Robert Stiefel (Appellant) appeals from the order entered December 16, 2014, denying his "Motion to Dismiss and Inclusive Special Admission Relief." After review, we affirm.

On April 14, 2011, following a jury trial, Appellant was convicted of aggravated assault, robbery, unlawful restraint, and simple assault. Appellant timely filed a direct appeal. On August 26, 2013, a panel of this Court vacated Appellant's judgment of sentence and remanded for a new trial. **Commonwealth v. Stiefel**, 83 A.3d 1073 (Pa. Super. 2013) (unpublished memorandum). The Commonwealth's petition for review by our Supreme Court was denied on April 22, 2014. **Commonwealth v. Stiefel**, 89 A.3d 1285 (Pa. 2014).

_____

* Retired Senior Judge assigned to the Superior Court.

Following remand, appellate counsel sought, and was granted, leave to withdraw. New counsel was appointed and a status conference was scheduled for July 8, 2014. Appellant, acting *pro se*, filed multiple motions with the trial court seeking leave to represent himself at trial. On October 9, 2014, appointed counsel filed a motion seeking to withdraw and requesting the trial court schedule a ***Grazier***[1] hearing to ascertain whether Appellant wished to waive his right to counsel and proceed *pro se*.

On December 2, 2014, following a hearing on counsel's motion, the trial court granted counsel's request to withdraw and granted Appellant leave to proceed either *pro se* or through privately retained counsel. Trial was scheduled for January 28, 2015.

On December 9, 2014, Appellant filed a motion he titled "Formally Submitted Official Motion to Dismiss the Captioned Case at Bar Inclusive Special Admission Relief of the Petitioner's Request Matters Herein in the Interests of Justice as is Just." In his motion, Appellant argued that his case should be dismissed under the double jeopardy protections of the United States and Pennsylvania constitutions. Appellant also requested a change of venue and venire. On December 16, 2014, the trial court denied Appellant's motion to dismiss and continued the change of venue and venire requests

---

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

- 2 -

until the time of jury selection. This timely appeal followed.[2] Both Appellant

and the trial court complied with the mandates of Pa.R.A.P. 1925.

In his first two appellate issues, Appellant contends, albeit inartfully,

that because this Court granted him a new trial based on, what he believes

to be, prosecutorial misconduct (*i.e.* the Commonwealth's elicitation of

improper hearsay testimony), retrial is barred on double jeopardy grounds.

Appellant's Brief at 31-51.

Instantly, it is clear that Appellant was granted a new trial not because

of prosecutorial misconduct, but on the basis that the trial court committed

reversible error in admitting hearsay statements made to police by the

victim in this matter. *Stiefel*, 83 A.3d 1073 (unpublished memorandum at

10) ("We find little reason, and the Commonwealth has proffered none, to

conclude that Sergeant Adam's testimony as to what [the victim] had said

_____

[2] We note that the trial court herein did not hold a hearing on Appellant's motion to dismiss, nor did it make a finding that the motion was frivolous. As a result, the order denying Appellant's motion is immediately appealable as a collateral order. Pa.R.A.P. 313. **See** Note to Rule 313 ("Examples of collateral orders include orders denying pre-trial motions to dismiss based on double jeopardy in which the court does not find the motion frivolous, **Commonwealth v. Brady**, 510 Pa. 336, 508 A.2d 286, 289-91 (1986) (allowing an immediate appeal from denial of double jeopardy claim under collateral order doctrine where trial court does not make a finding of frivolousness); if the trial court finds the motion frivolous, the defendant may secure review only by first filing a petition for review under Pa.R.A.P. 1573."). **See also Commonwealth v. Orie**, 22 A.3d 1021 (Pa. 2011) (reiterating that a direct appeal from denial of motion to dismiss on double jeopardy grounds is not permitted where the hearing court has considered the motion and made written findings that motion is frivolous; however, absent such finding, appeal may be taken from denial of motion).

was necessary for the Commonwealth's case, when more limited testimony could have demonstrated why the police initiated an investigation. Therefore, we conclude that the evidence constituted inadmissible hearsay and its admission at trial was error").[3]  As this Court has explained, where an "appellant was granted a new trial as a result of an appellate determination that prejudicial hearsay had been admitted at his first trial, and not as a result of prosecutorial misconduct, double jeopardy may not be invoked as a bar to his retrial." **Commonwealth v. Green**, 536 A.2d 436, 438 (Pa. Super. 1988). Accordingly, Appellant's argument fails.[4]

We turn to Appellant's third claim, in which he appears to request review of the trial court's August 4, 2014 order setting bond, or in the alternative, requests this Court grant him nominal bond. Appellant's Brief at 51-55.  The record reflects that Appellant did not raise his bond reduction issue with the court below. Accordingly, such claim is waived.  **See** Pa.R.A.P.

---

[3] The panel specifically rejected Appellant's secondary claim that he was prejudiced by the Commonwealth's cross-examination regarding Appellant's prior convictions. **Id.**

[4] To the extent that Appellant complains of prosecutorial misconduct arising from his arrest and detention on these charges, he fails to cite where in the record he preserved such claims.  Further, those issues in no way contributed to this Court's determination that he was entitled to a new trial. As such, his double jeopardy arguments premised on this alleged misconduct is unavailing. **See Commonwealth v. Culver**, 1 A.3d 866, 882-83 (Pa. Super. 2012) (holding that double jeopardy will prevent retrial of a defendant when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial or when the conduct of the prosecutor is undertaken deliberately and in bad-faith with the specific intent of denying the defendant a fair trial).

302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's request for nominal bond is governed by Pa.R.Crim.P. 600. The Rule provides, in pertinent part, as follows: "[e]xcept in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of … 180 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(B)(1). The Rule provides the following procedure:

> [e]xcept in cases in which the defendant is not entitled to release on bail as provided by law, when a defendant is held in pretrial incarceration beyond the time set forth in paragraph (B), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the defendant be released immediately on nominal bail subject to any nonmonetary conditions of bail imposed by the court as permitted by law. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(D)(2).

The record reflects that Appellant has failed to raise properly his nominal bail issue with the trial court. Accordingly, this issue is waived. *See* Pa.R.A.P. 302.

J-S36039-15

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015

- 6 -