J-A04040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                       :                  PENNSYLVANIA
                                                       :
                   v.                                :
                                                       :
                                                       :
MARCUS HOLLY                            :
                                                       :
                   Appellant                      :        No. 1588 EDA 2018

Appeal from the Judgment of Sentence December 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001270-2016


BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                        **FILED MARCH 14, 2019**

Appellant, Marcus Holly, appeals from the judgment of sentence of 11.5 to 23 months of confinement, with immediate parole to house arrest for 23 months, followed by 5 years of probation.  The sentence was imposed after his convictions at a bench trial for possession of a controlled substance and possession with intent to deliver (PWID).[1]  Appellant contends, *inter alia*, that the evidence was insufficient to sustain his convictions.  After careful review, we are constrained to agree with Appellant and, accordingly, reverse his judgment of sentence.

The facts underlying this appeal are as follows.  At a hearing on Appellant's motion to suppress the search of the vehicle in which he was present, the trial court heard the testimony of Officer Michael Tritz, who

[1] 35 P.S. §780-113(a)(16) and §780-113(a)(30) respectively.

---

\*   Retired Senior Judge assigned to the Superior Court.

conducted a plainclothes narcotics surveillance from a police surveillance vehicle parked in the 5500 block of Cambridge Street in Philadelphia. *See* Notes of Testimony (N.T.), 6/5/17, at 7. Officer Tritz observed Appellant, who was in the driver's seat of a silver Chevrolet parked approximately four car lengths behind the police surveillance vehicle, as he exited the vehicle and approached the passenger side of a Dodge Stratus that had parked immediately behind the police surveillance vehicle and was driven by a man later identified as Ryan Bergstrom. *Id.* at 8-9. Officer Tritz observed Appellant receive U.S. currency from Bergstrom and, in an overhand pinching motion, give Bergstrom a small object. *Id*. at 9. Officer Tritz testified that Appellant then returned to the Chevrolet and Bergstrom drove away from the area. *Id*. Officer Tritz alerted his backup officers to stop the Dodge Stratus.

Present in the passenger seat of the Chevrolet was Malik Clover, whom Officer Tritz had observed approximately one and a half hours earlier when Clover, who had arrived at the scene in his own car, approached the Chevrolet after making a narcotics transaction. *Id*. at 11. Clover entered the passenger seat of the Chevrolet and shortly thereafter exited, made another narcotics transaction, and returned once more to the Chevrolet passenger seat. Appellant remained in the vehicle throughout this period. After Appellant exited the Chevrolet, approached the Dodge Stratus, and then returned to the Chevrolet, Officer Tritz allowed his backup officers time to apprehend Bergstrom, the driver of the Dodge, and then directed them to apprehend Appellant and Clover and search the Chevrolet. *Id*. at 10, 12. Officer Tritz

- 2 -

stated that he was not at the scene when items were recovered both from Appellant's person and from the Chevrolet, but that the information was provided to him "later on." *Id*. at 18. He testified that the backup officers recovered one small blue oxycodone pill from Bergstrom's Dodge Stratus. *Id*. at 10. He also testified that the backup officers recovered $254 U.S. currency from Appellant and two bottles from under the cup holder on the rear armrest of the Chevrolet. *Id*. at 18. Officer Tritz testified that one bottle contained 97 small round blue pills stamped "A215" and the other bottle was a prescription for 120 OxyContin[2] 30 milligram pills in the name of "Barnes, Keenan"; this bottle contained 14 pills, which were also stamped "A215". *Id*. at 19. He testified that in the trunk of the Chevrolet, backup officers also found an envelope containing two large freezer bags and seven clear plastic containers, all containing a substance that tested as marijuana. *Id*. Officer Tritz testified that all of the narcotics were field tested, and submitted to the chemistry lab for "legitimate, actual analysis." *Id*. at 19-20.

The trial court denied the motion to suppress, finding probable cause to search the Chevrolet. Appellant then waived a trial by jury, and without objection the Commonwealth moved into evidence the nonhearsay testimony of Officer Tritz as well as 5 chemistry laboratory reports, 10 property receipts,

_____

[2] OxyContin is a brand name for oxycodone.

and 5 evidence control data sheets.[3]  *Id*. at 52-53; Commonwealth Exhibit C-1.  In offering its evidence, the Commonwealth referred to the various documents collectively as "C-1 property receipt evidence control data sheet and seizure analysis for 3227075, 3227079, 3227070, all of which tested

---

[3] The notes of testimony state:

> [Commonwealth]:    Absent    objection    from [Appellant's counsel], the Commonwealth would just seek to mark and move collectively as C-1 property receipt evidence control data sheet and seizure analysis for 32207075, 3227079, 32270770, all of which tested positive for oxycodone.  And specifically on 3227075 also tested from the trunk of the vehicle was positive for Marijuana.
>
> The property receipt belonging to 3227070 was seized from buyer Ryan Bergstrom.  The other two were the vehicle where [Appellant] was present, the silver Chevy HHRT that day.
>
> And then for completeness of the record, Commonwealth would mark and move Property Receipt 3227072 and 3227081, all of which was United States currency seized from [Appellant].  And then lastly 3227073, iPhone seized from [Appellant].
>
> With those on the record absent objection, Commonwealth rests.
>
> [Court]:    You're moving to admit all nonhearsay evidence?
>
> [Commonwealth]:    In addition to all nonhearsay testimony from Officer Tritz in the motion to suppress. Thank you, Your Honor.

N.T. at 52-53.

positive for oxycodone." N.T. at 52. However, our examination of the record reveals that no property receipt #3227075 was submitted with regard to the oxycodone pills and marijuana, only a chemistry lab report bearing Appellant's name, referencing property receipt #3227075, and listing the two bottles of oxycodone and nine total containers of marijuana analyzed, together with a corresponding evidence control data sheet also referencing property receipt #3227075. The chemistry lab report indicates analysis of 24 of the 97 oxycodone tablets in a bottle, all marked "A215"; analysis of 11 of the 14 oxycodone tablets in an amber prescription bottle with the name "Barnes, Keenan", all marked "A215"; and analysis of 9 containers and/or clear plastic vacuum bags of marijuana. Commonwealth Exhibit C-1. Property receipt #3227079 does not relate to evidence of oxycodone or marijuana, but rather describes the vehicle seized from Malik Clover at the scene. *Id*. Property receipt #3227070 describes a "small round blue pill stamped 48/12 on one side & the letter 'V' on the other side, alleged Oxycodone 30mg schedule 2", which "was recovered from the rear floor of [Bergstrom's] white Dodge Stratus." *Id*. The remaining evidence included in Exhibit C-1 consists of evidence control data sheets and property receipts for (i) U.S. currency and three cell phones recovered from Appellant; (ii) crack cocaine, marijuana, and a cell phone recovered from Malik Clover; and (iii) crack cocaine recovered from the two individuals with whom Clover was observing making narcotics transactions. There is no chemistry lab report included in the

Commonwealth's evidence to indicate that an analysis of the single pill recovered from Bergstrom's vehicle was performed.

The trial court found Appellant guilty of both possession of a controlled substance and possession with intent to deliver, citing the fact that none of the pills found were prescribed to Appellant and concluding that the totality of circumstances indicated a drug transaction. N.T. at 60. The trial court cited the decision of our Pennsylvania Supreme Court in ***Commonwealth v. Thompson***, 985 A.2d 928, 934 (Pa. 2009) (clarifying that police experience and training is relevant when the testifying officer is able to demonstrate a nexus between his experience and the search, arrest, or seizure of evidence). Here, Officer Tritz was personally familiar with narcotics sales activity and hand-to-hand drug exchanges in the high narcotic traffic area, having made approximately 1000 narcotics arrests over his thirteen-year career. N.T. at 35.

Appellant was sentenced on December 21, 2017. He filed a post-sentence motion on December 29, 2017 challenging the sufficiency and weight of the evidence, which was denied by operation of law on May 2, 2018.

On May 7, 2018, Appellant filed this timely direct appeal,[4] in which he raises the following issues:

I.    Was the evidence insufficient to sustain the conviction for Possession of a Controlled Substance?

---

[4] The trial court did not order a 1925(b) statement, and the trial court did not issue an opinion, as it had left the bench.

II. Was the evidence insufficient to sustain the conviction for Possession with the Intent to Deliver?

III. Did the lower court abuse its discretion in denying Appellant's motion for a new trial where the verdict was contrary to the weight of the evidence?

Appellant's Brief at 5. Our standard of review when considering a challenge to the sufficiency of the evidence is well-settled:

> A claim challenging the sufficiency of the evidence presents a question of law. We must determine "whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt." We "must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict."
>
> Our Supreme Court has instructed: [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.
>
> In addition, "[t]he Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant."

*Commonwealth v. Orie*, 88 A.3d 983, 1013-14 (Pa. Super. 2014) (citation omitted).

Appellant's first and second issues are dispositive of this appeal. To sustain a conviction for the crime of possession of a controlled substance, the Commonwealth must prove that the appellant knowingly or intentionally possessed a controlled substance without being properly registered to do so under the Controlled Substance, Drug, Device and Cosmetic Act. The crime of possession of a controlled substance with intent to deliver requires the Commonwealth to prove that the appellant possessed the controlled substance with the intent to manufacture, distribute, or deliver it. *See* 35 P.S. § 780-113(a)(16) and (30), respectively.

Appellant argues that the evidence of possession of a controlled substance is lacking, since the Commonwealth failed to prove that **anything** was recovered from the Chevrolet. Appellant's Brief at 10. He argues further that the Commonwealth similarly failed to establish that the single blue pill described in property receipt #3227070 is a controlled substance, since the Commonwealth's exhibits do not include a corresponding seizure analysis. We agree.

Officer Tritz's testimony regarding the removal of pills and marijuana from the Chevrolet is hearsay, and the trial court admitted only nonhearsay testimony. N.T. at 53. There was no testimony from the backup officers to establish that narcotics were removed from the vehicle. The Commonwealth's assertion that it "admitted the property receipts, seizure analyses, and evidence control data sheets for the two oxycodone pill bottles and marijuana

found in [Appellant's] car, as well as the oxycodone pill found in Mr. Bergstrom's car" is simply not accurate. Commonwealth's Brief at 8.

Citing our Supreme Court's decision in **Commonwealth v. Lovette**, 450 A.2d 975 (Pa. 1982), the Commonwealth further asserts that sufficiency challenges are not assessed from a diminished record, and even if the trial court improperly considered hearsay, this is irrelevant to Appellant's sufficiency challenge. In **Lovette**, the Supreme Court established that "a claim of insufficiency of the evidence will not be assessed on a diminished record, but rather on the evidence actually presented to the finder of fact rendering the questioned verdict." **Id**. at 977 (citations omitted). **See also Commonwealth v. Gray**, 867 A.2d 560, 567 (Pa. Super. 2005) (we must consider all evidence that was actually received, without consideration as to the admissibility of that evidence or whether the evidentiary rulings of the trial court are correct).

Here, the evidence presented to the trial court consisted entirely of the nonhearsay portion of Officer Tritz's testimony and the contents of Exhibit C-1 offered by the Commonwealth. Without evidence that Appellant possessed a controlled substance, whether constructively or on his person, the trial court's conclusion otherwise cannot be said to be supported by sufficient evidence, even in the light most favorable to the Commonwealth. **Orie**, 88 A.3d at 1013-14. We are therefore constrained to reverse Appellant's judgment of sentence. **See Commonwealth v. Green**, 536 A.2d 436, 438

(Pa. Super. 1988) (double jeopardy clause bars retrial when a conviction is reversed "because of insufficiency of the evidence").[5]

Judgment of sentence reversed.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/14/19

---

[5] In light of this disposition, we need not address the merits of Appellant's remaining issues.